## CITY OF BLOOMINGTON *v.* CITIZENS NATIONAL BANK.

[No. 8,396.   Filed June 9, 1914.]

1. MUNICIPAL CORPORATIONS.—*Public Improvements.—Bonds.—Liability.*—A city is not primarily liable for the payment of public improvement bonds out of its general funds, but under §4294 Burns 1894, Acts 1891 p. 324, providing that a property owner may avail himself of ten years within which to pay for street improvements in annual payments as taxes are paid upon the property, the payments are made to the city treasurer, the city becomes the custodian of the fund, and on payment of the full amount the lien provided by the statute is discharged, so that the city is thereafter primarily liable for the payment of the bonded indebtedness created by the improvement. p. 447.

2. MUNICIPAL CORPORATIONS.—*Payment of Improvement Bonds.— Liability.—Misappropriation by Officer.*—The liability of a city for the payment of bonds issued on account of a street improvement, where the money for the payment thereof has been paid by the property owners into the city treasury, is not discharged by the fact that the funds were misappropriated by the city treasurer. p. 448.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Action by the Citizens National Bank against the City of Bloomington. From a judgment for the plaintiff, the defendant appeals. *Affirmed.*

*R. L. Morgan,* for appellant.
*Finley P. Mount,* for appellee.

SHEA, J.—Appellee sued appellant in four separate paragraphs of complaint to recover upon four street improvement bonds issued and sold by appellant to pay for certain street improvements within its corporate limits. A demurrer to the complaint was overruled, with exception properly reserved. Appellant answered each paragraph of complaint in general denial. A second paragraph of answer was also filed in which it was admitted that the bonds were duly issued; that assessments were made and levied on the separate pieces of property; that the improvement bonds in question were sold by appellant in the manner and form as provided

by law; that the assessments were collected by the city treasurer as they became due; that he applied all sums to the payment of the bonds issued except those held by appellee in this action; that said amounts so collected by the city treasurer and due appellee, were wrongfully and unlawfully converted and retained by said city treasurer for his own use and benefit; that appellant never at any time collected, received, had the use of, or derived the benefit from said sums and amounts. The answer further avers that the city treasurer executed a bond upon which he was liable for the amounts so collected and retained by him; that said principal and sureties on the bond are solvent, etc. A demurrer to this paragraph of answer was sustained, with exception properly reserved. The cause was tried by the court and judgment rendered in favor of appellee.

It is assigned that the court erred in overruling appellant's demurrer to the complaint and in sustaining appellee's demurrer to appellant's second paragraph of answer. With the demurrer to the complaint was filed the following memorandum: ''First. A city is not liable for moneys collected by its treasurer from abutting property owners on account of assessments made for the improvement of its streets. Second. Where bonds have been issued and sold by a city on account of the improvement of its streets, the bondholder must look to the treasurer for all assessments collected by him, and such bondholder cannot maintain an action against the city for money collected by its treasurer from abutting property owners, but such suit must be against such treasurer on his official bond. Third. A bondholder of street improvement bonds can not maintain a suit against the city for the nonpayment of such bonds.''

It is very earnestly insisted that the demurrer to the complaint should have been sustained for the reason stated, that appellant is not liable for the payment of the bonds

1. issued by it for public improvements under the provisions of the Barret Law. It has been held repeat-

edly that the city is not primarily liable out of its general funds for the payment of the improvement bonds, because the law provides the manner in which the money shall be raised and payments made. Section 4294 Burns 1894, Acts 1891 p. 324, provides that the property owner may avail himself of ten years within which to pay for street improvements in annual payments as taxes are paid upon the property. These payments are made to the city treasurer, and the city is the custodian of the fund. When the full amount is paid, the lien which the statute provides is discharged. Then the city becomes primarily liable for the payment of the bonded indebtedness created by the street improvement.

The city can not avoid the payment of these bonds upon any technical construction of the duty of its officials as the agent of the one party or the other. The city received the money in the usual way, through its properly authorized official. Upon its receipt it became the duty of the city to see to it that it was applied in the proper way to the payment, in this instance, of the bonds in suit. The failure to do this renders the city primarily liable. The city will not be discharged from its obligation to pay this debt because one of its officials, in this case the city treasurer, misappropriates the funds in his custody. To so hold would be to destroy in a large measure the beneficial operation of the public improvement statute, and likewise encourage neglect of city governments in the proper discharge of their official duties. While it is no doubt true that the city may recover from the bondsmen of the city treasurer who has misappropriated the funds any amount of money so misappropriated, it is equally true that when the money is paid into the city treasury, the city is primarily liable to the holder of the obligations sued on in this action. *Indiana Bond Co.* v. *Bruce* (1895), 13 Ind. App. 550, 41 N. E. 958; *City of Huntington* v. *Force* (1899), 152 Ind. 368, 63 N. E. 443; *Porter* v. *City of Tipton* (1895), 141 Ind. 347, 40 N. E. 802.

The complaint stated a good cause of action as against the objections urged in the memorandum, and these are the only questions we can consider. *Stiles* v. *Hasler* (1914), *ante* 88, 104 N. E. 878. It follows also that the demurrer to the second paragraph of answer was properly sustained. Judgment affirmed.

NOTE.—Reported in 105 N. E. 575. As to the rights of the holders of municipality's bonds and warrants, see 51 Am. St. 823. See, also, under (2) 28 Cyc. 1643.