## BAKER *v.* CAILOR.

[No. 26,359.   Filed July 29, 1933.   Rehearing denied
April 17, 1934.]

*Paul V. McNutt, George W. Henley,* and *Alferd Evens,* for appellant.

*Rawley, Baumunk & Fisher, James L. Burns, B. C. Craig,* and *Henry M. Dowling,* for appellees.

ROLL, J.—This cause was tried on appellant's second amended complaint in three paragraphs. The first paragraph was a general count to quiet appellant's title to certain real estate; the second paragraph was for possession of said real estate and for damages for the unlawful detention thereof by appellees; the third paragraph alleged that plaintiff is the owner in fee simple of the real estate and set out in details the proceeding and orders of the Clay Circuit Court in a certain suit brought by Jennett Baker, wife of John Baker, appellant herein, for support under the provisions of the act of 1881, p. 527, §7869, Burns Ann. St. 1914,[1] wherein the real estate here in question was sold, and alleged that said orders and sale made thereunder by the commissioner, and all conveyances dependent thereon are void and prayed that they be set aside, cancelled, and declared void and that appellant be declared the owner thereof.

The complaint was answered by a general denial and a plea of the five-year statute of limitations.

The appellant replied, setting up a statutory legal disability, to wit: That he was outside of the United States.

The various appellees who are the present record owners of the real estate in question filed cross-complaints seeking to quiet their title to the various tracts of real estate.

The cause was originally filed in the Clay Circuit Court, but was tried in the Monroe Circuit Court on change of venue.

There was a special finding of facts and conclusions of law, upon proper request. The lower court found in

*Note 1.* Repealed by Acts 1923, ch. 63, p. 190, §17.

favor of the appellees and against appellant. Exceptions were taken to the court's conclusions of law and the only question presented by this appeal is the correctness of the conclusions of law on the facts found.

The facts found by the court, so far as material to the question here involved, are in substance as follows. In 1911 appellant and appellee Jennett Baker Sims (formerly Baker) were husband and wife, and owned the real estate here in question as tenants by the entireties. In May, 1911, they mortgaged said real estate for $1,000.00. A few days afterwards the appellant took the $1,000.00, and deserted his wife, left the State of Indiana and departed for parts unknown and the wife knew nothing of his whereabouts till in the fall of 1926. The first year after deserting his wife appellant lived in various states of the United States, and then he left the United States and went to South Africa where he remained till the fall of 1926. The wife, by her own labor, paid off the note and mortgage of $1,000.00 to save the real estate from sale on foreclosure, without any assistance from appellant. The Bakers owned no other property other than the real estate so held by them as tenants by the entireties. In April, 1919, Jennett Baker brought suit against John J. Baker for support under the provisions of the act of 1881, p. 527, §7869, Burns Ann. St. 1914, and by her complaint sought to subject the real estate, owned by herself and husband as tenants by the entireties, to sale and the proceeds derived from the sale thereof to her support. Service was had on appellant by publication as provided in said act, and such proceedings were had thereunder that resulted in a sale by a commissioner of said real estate. No question is raised as to the regularity or sufficiency of these proceedings. The real estate was sold and appellant, after having spent fourteen years in South Africa, returned to Clay County,

Indiana, in the fall of 1926. After the sale of the real estate herein, Jennett Baker secured a divorce from appellant. In the spring of 1927 appellant instituted this suit. The conclusions of law are to the effect that appellant take nothing by his complaint and that appellees' titles be quieted.

By his assignment of error the only question raised on the conclusions of law is, whether real estate held by husband and wife as tenants by the entireties can be sold under a proceeding by the wife for support. Appellant contends that the commissioner's sale of the real estate here in question in the support suit by the wife was void and did not divest appellant and his wife of the title to said real estate, for the reason that at the time of such sale the lands were held by them as tenants by the entireties, and that such an estate is not subject to be divested in such a manner. He contends that, because of the peculiar nature of an estate held as tenants by the entireties, and because such an estate is not subject to sale on execution for either the debts of the wife or husband and because neither can sell nor encumber it without the consent of the other, and because, under the law, it is well settled that the wife owns all and the husband owns all and upon the death of one the survivor took all and that survivorship is the most important incident of a tenancy by the entireties, he cannot be divested of his interest therein by the present proceedings.

There can scarcely be a denial that an estate held by husband and wife, as tenants by the entireties is a peculiar estate, and founded upon the common law fiction of the unity of husband and wife, that they are one person, and that it has all the other qualities contended for by appellant. It is true that by legislative action and by a long and uniform decision of this court, and we still adhere to the same

principles, that an estate held by husband and wife as tenants by the entireties, both are seized of the whole, and that there could not be a transfer by one party of any interest therein against the will of the other. It could not be levied upon by execution on a judgment against either of the parties. That survivorship is the most important incident of a tenancy by the entireties and this right cannot be defeated by either, by a conveyance to a stranger without the other joining in the instrument. There can be no question about the above rules governing tenants by the entireties. Having in mind all the peculiar incidents of such an estate, can it be said that they are decisive of the question here involved? The sale of the land here in question was accomplished by a statutory proceeding, brought under the provisions of §§7869-7873, Burns, R. S. 1914, Acts 1881, p. 527. Therefore the only question for decision in this case is whether the statute is broad enough to authorize a sale of land held by husband and wife as tenants by the entireties?

Section 7869, Burns R. S. 1914, provides, insofar as here material, as follows: "A married woman may obtain provision for the support of herself and the infant children of herself and husband, in her custody, in any of the following cases:

First. Where the husband shall have deserted his wife, or his wife and children, without cause, not leaving her or them sufficient provision for her or their support."

Section 7870, Burns R. S. 1914, provides what shall be alleged in the complaint, who shall be made parties, and that process may be had by publication as in ordinary civil actions.

Section 7871, Burns R. S. 1914, provides as follows: "Whenever the process has been served or publication made, as in civil cases, the court shall hear and determine said cause; and if the facts stated in the complaint are found to be true, the

court may make such orders and allowances, in the nature of alimony, out of the husband's estate, as may seem just and equitable and for the best interests of such wife and children; and the court may also order the real or personal property of such husband, or both, or any part thereof, to be sold to the highest bidder for cash or on time, upon such terms and in such manner, and with such reasonable notice of sale, as the court may direct; and the court may also order the leasing of the real estate, or a part thereof, and direct that the rents thereof be applied to such allowances of alimony. If it be necessary to effectuate the decrees of the court, it may also appoint, as in other cases, a receiver of the estate of the husband, and order him to reduce such estate to possession, to collect his rights, credits and choses in action, to manage, sell, mortgage or lease his real estate, and to sell the personal property; and the court shall require of such receiver a bond and oath, as in other cases. When it appears that any party to the action is indebted to the husband, or has rights, credits, choses in action, or any property of his in possession or under control, the court shall order such party to apply the same in satisfaction of the judgment."

Section 7873, Burns R. S. 1914, provides: "Sales of real estate in proceedings under this act shall be of the entire fee, and shall divest the wife's inchoate right thereto; and such sales of real estate shall, in all cases, be made by a receiver or a commissioner appointed by the court for that purpose. The court shall have power to confirm sales, to order deeds, and to require mortgages or other security, as in other cases; and the purchaser's title shall not be questioned collaterally, if the court had jurisdiction of the person of the defendant by service of process, or where the defendant-husband may have left the state of Indiana or absconded to parts unknown, by publication of notice of the pendency of the action as in cases of non-residents of the state."

It seems clear, and not disputed by appellant that had he owned the real estate in his own individual name, the court would have had jurisdiction to sell it, and that a deed made by a commissioner under order of court in

such a proceeding would have conveyed to the purchaser the fee simple title thereto. *Walter* v. *Walter* (1888), 117 Ind. 247, 20 N. E. 148; *Harris* v. *Harris* (1884), 101 Ind. 498. The signature and the consent of the owner is dispensed with under the statute. There are other instances where lands are conveyed by a commissioner under order of court without the consent of the owner. This is ordinarily done where justice requires it and the holder of the title refuses to make the conveyance. So we find it is not an unusual occurrance for the owner of real estate to be divested of his title without his consent or without his signature attached to the instrument of conveyance.

In construing a statute it is helpful to look to the purpose to be accomplished thereby. It is evident from the general scope and tenor of the act here under consideration that the legislature purposed to make available to a deserted wife and the infant children of herself and husband any property, either real or personal, owned by the husband so that she might purchase and provide herself and children with the necessities of life. It was well said in the case of *Loy* v. *Loy* (1891), 128 Ind. 150, 27 N. E. 351, that, "When a husband and father abdicates his position in the family, the law will not require his family to starve or go unclothed, or his fields to stand uncultivated, for want of authority in his wife to take his place in the management of affairs."

The statute had for its purpose the support and maintenance of the wife and infant children, rather than the protection of the husband's interest in the real estate.

The wife, by her petition to sell the real estate held by herself and husband as tenants by the entirety, thereby consented to the sale and transfer of her interest in the real estate. The statute dispensed with the necessity of securing the consent of the husband. If the husband's interest in real estate

held in his individual name could be sold and transferred in a support proceeding, we can see no reason why his interest could not be sold without regard to the interest his wife or anyone else might have in the real estate. Because the wife has more than an inchoate interest in the land, affords the husband no legitimate grounds to say that his interest therein shall not be sold. We think this is a case where the court is justified, if indeed it is necessary, to construe the statute liberally in order to advance the remedy.

If we adopt the reasoning of appellant and hold that real estate held by husband and wife as tenants by the entireties cannot be sold under the support statute, then a deserting husband who owned real estate in his own name, could defeat the very purpose of the statute by having the title changed from his name to himself and wife as tenants by the entireties. If he deserted his wife, owning real estate in his own name, the wife could petition for the sale of the real estate and it is conceded by appellant that such a sale could be had. So to avoid such a sale he could, under the guise of desiring to benefit and protect his wife by giving her a greater interest in his real estate, have the title changed to a tenancy by the entireties and then he could desert his wife, leave the United States for any period of time and come back when it suited his good pleasure and claim the real estate as his own. We cannot give our consent to such a construction of the statute. The scope of the statute is very broad, and provides that, "The court may also order the real or personal property of such husband, or both, or any part thereof, to be sold . . ." No exceptions are contained in the statute. Real estate held as tenants by the entireties is not exempted by the statute. Any real estate owned by the husband is subject to the provision of the act and comes within the purview thereof. Had the legislature had in

mind to exempt real estate owned by the husband and wife as tenants by the entireties they would have specifically mentioned it. We conclude that no such intent existed in the minds of the legislature and that the proper construction of the statute is that real estate held by husband and wife as tenants by the entireties is subject to be sold under the above statute.

It might also be observed that appellant, by his action, is seeking the aid of a court of equity. This he cannot do unless he offers to do equity and also comes into court with clean hands. Appellant in this case fails to qualify under either of the above rules.

We find no reversible error. Judgment affirmed.