KIMMEL v. CAPTAIN ET AL.

[No. 16,212.  Filed January 5, 1940.  Rehearing denied February 15, 1940.  Transfer denied April 1, 1940.]

622

*Sturgis, Stine & Sturgis,* and *Eichorn, Gordon & Edris,* for appellant.

*Simmons & Simmons,* and *George Mock,* for appellees.

STEVENSON, J.—The appellant brought this action in the court below against the appellees as stockhold-

ers and partners engaged in the business of conducting a private bank under the name of the "Bank of Poneto."

The appellant's amended complaint alleged that on the 25th day of July, 1923, and for many years prior thereto, the appellant and the appellees herein were partners engaged in the business of conducting a private bank. That said bank operated under the name and style of "Bank of Poneto", and that the capital stock of the bank was divided into 150 shares of the par value of $100.00 each. The appellant alleged that on the 25th day of July, 1923, he filed a suit against the Bank of Poneto to recover $25,000.00 by him deposited with said bank. The appellant further alleged that on the 8th day of October, 1923, the Bank of Poneto was closed and the appellee William A. Kunkel, Jr., was subsequently appointed receiver by the Wells Circuit Court, who took charge of the assets of the bank and proceeded to liquidate the same. The appellant further avers that he recovered a judgment against the Bank of Poneto and William A. Kunkel, Jr., as receiver for the sum of $25,000.00 and interest thereon from the 10th day of February, 1926. That on the 6th day of November, 1930, the said William A. Kunkel, Jr., as receiver for said bank filed his final report as such receiver in the Wells Circuit Court, which final report disclosed that all of the assets of said partnership had been disposed of, all claims paid and satisfied except the judgment of the appellant herein. That said final report of said receiver was approved and receiver discharged. The appellant by this action now demands an accounting against the appellees as partners and seeks a contribution from each of the appellees of their proportionate share of the indebtedness due him.

To this amended complaint the appellee Charles H.

Captain filed his separate demurrer for the reason, first, that there is a defect of parties defendant, and second, that the plaintiff's amended complaint does not state facts sufficient to constitute a cause of action. A similar demurrer was also filed by the appellees William A. Kunkel, Jr. and Kenneth M. Kunkel, as executor of the last will and testament of William A. Kunkel, deceased. The appellee William Hardwidge and the other above named appellees each filed similar and separate demurrers. These demurrers were sustained by the court and the appellant excepted to each ruling of the court and refused to plead over. Judgment was accordingly entered by the court on the pleadings that the appellant take nothing by his action and that the appellees recover their costs.

The errors relied upon for reversal in this court are the alleged errors in sustaining the demurrers of each of the above named appellees.

The separate and several demurrers of the above named appellees all raise the same question. The first question presented is whether or not there is a defect of parties in the amended complaint. The appellees contend that since all the partners engaged in the business of operating a private bank are debtors of all the creditors of a business in which he is a partner, that the appellant himself should have been made a party defendant. This contention evidently disregards the theory of the appellant's cause of action. The appellant is suing in this action for a contribution from his co-partners. In such an action it is not necessary to name himself as a party defendant. *Dale et al.* v. *Thomas et al.* (1879), 67 Ind. 570; *Anderson* v. *Ackerman* (1883), 88 Ind. 481.

The appellees further contend that having elected to sue the bank, and having obtained a judgment

against the bank to which the appellees were not parties, that the appellant is now barred from proceeding against the appellees as partners to recover on the same obligation. That the two remedies were inconsistent and, having elected to pursue the one, he is now precluded from asserting the other. He cannot agree with these contentions. The appellant was clearly within his rights when he filed a suit against the Bank of Poneto to recover for money deposited with said bank. The judgment rendered in his favor in that action was binding upon the appellees and all other partners interested in said private bank. The statute under which this bank was organized and operated provided that a private bank could sue and be sued under the name under which such bank was authorized to transact its business. And this statute further provided that, ''Any judgment obtained against such bank shall be valid and binding against all the persons interested therein.'' Sec. 18-2711 Burns Ind. Statutes 1933, §8039 Baldwin's 1934. This statute has been interpreted by our Supreme Court to the effect that a judgment against such bank is in reality a judgment against the individual owners of the private bank. *Hall et al.* v. *Essner et al.* (1935), 208 Ind. 99, 193 N.E. 86. The Supreme Court in the case of *Borgman, Treas. et al.* v. *State ex rel. Rodenbeck* (1937), 211 Ind. 395, 397, 5 N.E.(2d) 522, said:

''It is true that the actions were dismissed as to the bank, but the actions against the bank were merely actions against the remaining defendants who were partners. Under the banking statute a judgment against the bank alone would bind the partners, or the partners might have been made parties defendant with the bank, or have been sued alone.''

Under this statute and authorities above quoted, it is our opinion that it was not necessary for the appellant in his suit against the bank to name the individual partners as parties defendant to such action. Having obtained a judgment against the bank, the individual partners were bound thereby to the same extent as if they had been named as individual defendants. There is accordingly no basis for the application of the doctrine of election of remedies. "The doctrine of the election of remedies is applicable only where there are two or more co-existent remedies available to the litigant at the time of the election, which are repugnant and inconsistent." 18 Amer. Juris. 134. See also *McCoy* v. *McCoy* (1903), 32 Ind. App. 38, 69 N.E. 193. The test of such inconsistency of remedies has its basis in the factual background which constitutes the cause of action. If the assertion of one cause of action involves the repudiation of another, then the modes of redress are inconsistent. If the one cause of action admits a state of facts, and the other denies the same facts, the remedies sought by such actions are inconsistent. It follows therefore that where the remedies are not inconsistent, the party may prosecute both actions to a judgment, although only one satisfaction can be had. Applying these rules to the case at bar, it appears that the appellant was a creditor of the Bank of Poneto in July, 1923. He filed a suit against such bank to recover the amount due him. The judgment in his favor against this bank was finally affirmed by this court in April, 1930 *(Bank of Poneto* v. *Kimmel,* 91 Ind. App. 325, 168 N.E. 604.) Shortly thereafter and in November, 1930, the receiver who had been appointed to liquidate the partnership assets filed his report showing that all partnership property had been disposed of and nothing was left to apply on the appellant's claim. Since the receiver

was a party to this action, it is safe to assume that if he had had sufficient partnership assets in hand with which to pay this judgment, it would have been his duty so to do. He was appointed to take charge of the partnership property and pay the partnership debts. *Kist* v. *Coughlin* (1936), 210 Ind. 622, 1 N.E. (2d) 602. There being insufficient assets in his hands with which to pay the appellant's claim, may the appellant now demand a contribution from his co-partners for their proportionate amount of this debt? It is our opinion that he can, and that such a cause of action is not inconsistent with the one already asserted. Members of the partnership are personally, jointly, and severally liable for all of the firm's indebtedness. *Lindley* v. *Seward et al.* (1937), 103 Ind. App. 600, 5 N.E.(2d) 998. The firm, Bank of Poneto, a partnership, is indebted to the appellant for money deposited with the bank. This money has been used by the bank in the transaction of its business. If the appellant, as a partner in such business, deposited $25,000.00 with the firm for which he has not been reimbursed, the only source from which the same can now come is a contribution from his co-partners.

The right of a partner to maintain such an action is clearly recognized by our Supreme Court in the case of *Drudge* v. *Citizens Bank of Akron* (1937), 209 Ind. 638, 200 N.E. 613, wherein the court sets out in detail the facts necessary to a cause of action by a member of a partnership who is seeking contribution from his co-partners. Clearly, the appellant was a creditor of the Bank of Poneto at the time he filed his suit and obtained a judgment against the bank. The complaint alleges the existence of the partnership, the number of partners and their respective interests, the dissolution of the partnership and the liquidation of its assets, the absence of

partnership funds from which to reimburse the appellant and contains a proper demand for accounting. The complaint is accordingly sufficient, in our opinion, to withstand a demurrer. *Drudge* v. *Citizens Bank of Akron,* supra. The court was in error in sustaining the demurrers to the appellant's amended complaint.

Judgment is reversed with instructions to the trial court to overrule the separate and several demurrers of the appellees and for further proceedings in accordance with this opinion.

Judgment reversed with instructions.