CITY OF HAMMOND v. MELVILLE, ET AL.

[No. 17,183. Filed February 7, 1944. Rehearing Denied March 3, 1944. Transfer Denied April 18, 1944.]

*Harry H. Stilley,* of Hammond, and *George E. Hershman,* of Crown Point, for appellant.

*Carl A. Huebner,* of Hammond, for appellee.

*Arnold, Degnan, Goheen & Zimmerman,* of South Bend, *amicus curiae.*

ROYSE, P. J.—On November 10, 1941, appellee Herbert Melville filed in the Lake Superior Court his complaint in two paragraphs against appellant and others. The first paragraph was to foreclose certain Barrett Law assessment liens, upon which bonds and coupons were issued pursuant to Improvement Resolution No. 1315 of the Board of Public Works of the City of Hammond, Indiana. The second paragraph alleged that appellant, City of Hammond, pursuant to said Improvement Resolution and assessments levied thereunder, had collected said assessments and applied the money so collected to the retirement of bonds issued under said resolution, and failed and neglected to apply the amount so collected upon the various installments of said assessments to the bonds and coupons of corresponding series numbers in payment and discharge

of. said bonds and coupons, and that the holders of certain bonds of the ninth and tenth series had not received their full *pro rata* share of the money collected on said series.

Upon appellant's motion, the second paragraph of complaint was docketed as a separate cause of action. The only parties defendant to this action were appellant, the City of Hammond, and Frank R. Martin, as Treasurer of Lake County, Indiana, and ex-officio Treasurer of the City of Hammond, Lake County, Indiana. The said Frank R. Martin, as Treasurer of Lake County, Indiana, and ex-officio Treasurer of the City of Hammond, Lake County, Indiana, is made an appellee herein.

At the request of the parties, the court found the facts specially and stated its conclusions of law to the effect that the City of Hammond was liable for the sum of $1,810.44, and rendered judgment accordingly.

The only errors assigned here which we need consider are, that the trial court erred in its conclusions of law Nos. 1, 2, 3 and 4 upon the special findings of fact.

The findings of fact are voluminous and we deem it necessary to refer only to the substance of those pertinent to the question presented by this appeal.

The trial court found that the Barrett Law bonds here involved were issued according to the law of this State; that appellant had paid and received 91.95 per cent of all assessments under the ninth and tenth installments of said assessments, and that some portions of the funds received by appellant in payment of the ninth and tenth installments of said assessments were used by appellant to pay and retire bonds and coupons of the fifth, sixth, seventh and eighth series of said Improvement Resolution. It was further found by the court that appellee made demand on appellant

for the payment of the *pro rata* share of all collections received on the ninth and tenth installments of said assessments to be applied upon bonds of Series No. 9 and No. 10 owned by appellee; that the demand was refused except for certain payments which it was found had been made and except for the tender of $165.19 by appellant of funds in its hands. The court also found that appellee had a foreclosure suit pending against all real estate upon which is levied delinquent and unpaid installments of such special assessment.

It is agreed by the parties that these proceedings are statutory and the rights, duties and powers of the owners of such bonds are prescribed by statute. It is also agreed that § 48-2713, Burns' 1933, among other things, provides as follows: "All bonds hereafter issued in anticipation of assessments made on account of public improvements, in cases where the property-owners affected shall have elected to pay the cost of such improvements in installments as now provided by law, shall be issued in anticipation of the aggregate amount of such assessments for each particular improvement and not against the individual assessment of each property-owner so electing to pay in installments."

Appellant contends that because the special finding shows that all money collected by it on the improvement resolution here involved was applied to the payment of bonds and coupons issued pursuant to said resolution, it is not liable in this action. It is undisputed that appellant collected payments from 96 of the 105 property owners (who took advantage of the provisions of the Barrett Law) for the ninth and tenth installments of such assessments and did not pay appellees the sums thus collected on their ninth and tenth series of bonds issued in anticipation of such collection. The case of *Reed et al.* v. *Beczkiewicz*,

*Treasurer et al.* (1939), 215 Ind. 365, 18 N. E. (2d) 789, 19 N. E. (2d) 465, is decisive of the question here presented, and on the authority of that case we hold that appellant is liable to appellee. The fact that appellant paid such funds to the holders of bonds of the fourth, fifth, sixth, seventh and eighth series of bonds of the same assessment is no defense to this action.

Appellant's contention that when the first delinquency occurred on said assessment, then all assessments, whether delinquent or not, became due and payable and therefore the above rule does not apply, is untenable.

Appellant contends that because appellee is prosecuting a foreclosure suit against the property assessed for the due and delinquent assessments, he cannot be permitted to recover from appellant money never collected by it, or to pursue two inconsistent remedies. Appellee has never claimed he was entitled to recover from appellant any sum which it had not collected. The foreclosure suit by appellee as a class plaintiff against the nine parcels of the original 105 parcels of real estate for failure to pay their assessment in full can in no way affect this action against appellant for the portion of the ninth and tenth installments of such assessment it has collected from the remaining 96 properties. Any recoveries which may be made by appellee in the foreclosure action would be for the benefit of all members of the class which of course would include appellant to the extent of its share and interest therein.

Finding no error, the judgment of the Lake Superior Court is affirmed.

Draper, J.—Not participating.

NOTE.—Reported in 52 N. E. (2d) 845.