## CITY OF HAMMOND v. WELSH

[No. 28,155. Filed June 21, 1946.]

*Harry H. Stilley,* of Hammond, and *George E. Hersh-man,* of Crown Point, for appellant.

*Carl A. Huebner,* of Hammond, for appellee.

YOUNG, J.—The Board of Public Works of the City of Hammond, acting pursuant to statutes of Indiana known as the Barrett Law, adopted Improvement Resolution No. 1265 and assessed benefits against certain real estate and on April 29, 1927, adopted a final assessment roll and fixed the amount due from each separate parcel of real estate benefited by the improvement. Owners of the real estate so benefited filed waivers and elected to pay their assessments in 10 annual installments. Bonds in the aggregate amount of $37,-491.70 were issued in 10 series, numbered 1 to 10. Each series consisted of eight bearer bonds, with semi-annual

interest coupons attached. Annual installments of assessments equalled annual bond maturities. Therefore, so long as assessments were paid when due all bonds could be paid as they became due. But with failures to pay assessments as due the equilibrium between collections and bond maturities was destroyed and all bonds could not be paid as they matured. The first series of bonds was due on December 1, 1927, and subsequent series were due annually thereafter to and including December 1, 1936. The bonds were delivered to the contractor in payment for his work and have been transferred from time to time to various persons, firms and corporations. Each bond provided that it was payable at the office of the treasurer of the city of Hammond out of funds actually paid to and collected by the city on account of the improvement for which the bonds were issued. When installments of assessments were collected the city became primarily liable on the bonds entitled thereto for the amount of the collections notwithstanding misapplication of such collections to owners of other bonds. *City of Bloomington* v. *Citizens National Bank* (1914), 56 Ind. App. 446, 105 N. E. 575; *Read* v. *Beczkiewicz, Treasurer* (1939), 215 Ind. 365, 375, 18 N. E. (2d) 789. Under the law, each annual installment of assessment belonged to the series of bonds next falling due and should have been paid out only to holders of bonds of such next succeeding series. *Read* v. *Beczkiewicz, Treasurer, supra.*

The city treasurer, however, did not disburse collections in that way. Assessments became delinquent and all bonds could not be paid as they fell due. The treasurer made payments from time to time on various bonds issued under said Improvement Resolution without regard to the series of bonds next becoming due after the due date of the money which was being dis-

bursed. Instead, earlier bonds were paid with money which should have been applied to later bonds and the later bonds now outstanding and held by appellee and those whom he represents still remain unpaid because of such misapplication.

Under the principles and rules found in *Read* v. *Beczkiewicz, supra,* to the extent that the City misapplied assessment collections to earlier bonds not entitled thereto, the City is liable to the holders of the bonds which were entitled thereto, unless recovery is barred, as contended by appellant, by some statute of limitation or some phase of the doctrine of estoppel.

Appellee brought this action for and on his own behalf and on behalf of all other persons, firms and corporations similarly situated holding bonds and coupons issued pursuant to said Resolution No. 1265. The propriety of the class suit has not been raised and therefore will not be considered. Appellant's action is for the amount of assessments collected by the city which should have been paid to plaintiff and those represented by him, but which were misapplied and paid to holders of bonds not included in the series of bonds next becoming due.

Appellee has urged the five, six and ten-year statutes of limitation. The trial court held that the ten-year statute is applicable and with this conclusion of the trial court we agree. The five-year statute (§ 48-2722, Burns' 1933) is applicable only to suits to foreclose delinquent assessment liens. This is not such a suit. The six-year statute of limitations (§ 2-601, Burns' 1933) applies to accounts and contracts not in writing and the ten-year statute (§ 2-602, Fifth, Burns' 1933) applies to contracts in writing. The liability of the City in this case is upon improvement bonds. They and the interest coupons attached are in

writing. Therefore, the six-year statute is not applicable and the ten-year statute of limitations is applicable. The record shows that this action was started on October 23, 1944. Therefore, bonds falling due before October 23, 1934, are barred. The trial court so found and properly permitted recovery only on series eight, nine and ten which become due December 1, 1934, 1935, and 1936 respectively. The sums collected for these bonds, and misapplied to other bonds not entitled thereto, amount with interest to $6,196.56 and judgment was for that amount.

Appellant's second contention is that appellee and the members of the class he represents acquiesced over a period of 15 years in the manner and method of payment followed by the treasurer and are therefore estopped from taking an inconsistent position now. This contention is based upon the fact that the court found generally "that the plaintiff and those he represents acquiesced in the payment by the City Treasurer to the respective parties as herein found and received and accepted payments as credits upon their various bonds from time to time, which were not in accordance with the terms of the statute; that such payments were accepted and requested by such persons and parties without reference to the Series on which said amounts had been paid into said treasurer's office, and that such manner and method of payment continued as long as money was collected or paid on any one of such series, and that no objection was made to the city treasurer by any of said parties or persons as to such manner and method of payment." We read this finding as meaning no more than that plaintiff and those he represents knew that payments were being made from time to time upon bonds and made no objection and that they presented bonds for payment when they came due and

accepted what money the treasurer paid them without question as to its source. We do not read it to mean that they knew the money paid belonged to bonds of a different series or that the treasurer was misapplying collections to bonds not entitled to them and we have found no finding of such knowledge elsewhere in the findings.

To have estoppel by acquiescence the person to be estopped must have had knowledge of the facts. In 31 C. J. S., at page 363 and 364, the rule is stated in the following language:

". . . The rule of estoppel by acquiescence is inoperative unless it appears that the party against whom it is invoked was fully aware of his rights, or was negligent in failing to acquire such knowledge. It is further necessary that he should have had knowledge, actual or constructive, of all of the material facts and circumstances attending the particular transaction in respect of which the doctrine is invoked; . . ."

To meet the requirement of knowledge appellant contends that the books and records in the treasurer's office show the facts and that, these being public records, appellee is charged with notice of the facts so shown. We do not believe that a citizen may be charged with constructive or implied knowledge of every figure in the city treasurer's complicated books and records or with knowledge of the source of every dollar paid to him over the counter in the treasurer's office simply because he has the right to examine the complicated accounts in the treasurer's office. He cannot reasonably be required to go behind the free and voluntary acts of a responsible bonded public officer acting in the course of his public duties and, if qualified, check his books and accounts to determine the validity

of a proposed transaction before he dare proceed with it.

Appellant also takes the position that plaintiff and those whom he represents have heretofore received from the city treasurer the money they are now asking for and applied it upon bonds maturing prior to the bonds they now hold and are asking be paid. They contend that this would be inequitable as a second payment of money already received by them and would estop plaintiff and those whom he represents from recovery in this action. This contention is predicated upon the hypothesis that Mr. Welsh, or members of the class he represents, were the owners of the earlier bonds upon which the complained of payments were wrongfully made, or that the holders of those earlier wrongfully paid bonds belonged to the class represented by Mr. Welsh. They are mistaken, however, in their premise that the earlier money was received by plaintiff or members of the class whom he represents for application upon earlier bonds owned by them. In Finding 8 there is a list of all outstanding unpaid bonds, together with the names of the holders where known. In Finding 15 there is a recital showing all bonds paid and the persons to whom paid, together with the dates of such payments. It does not appear that the owner of any bond now outstanding and unpaid, i. e. any member of the class represented by Mr. Welsh, ever owned any of the earlier maturities which were paid, and to consider those persons who owned earlier bonds which were paid and redeemed as members of the same class with those who own later bonds which are not paid and not redeemed is not logical. Their interests are not common but on the contrary may become adverse. Therefore, the alleged facts upon which appellant principally predicates his claim of inequity and estoppel

do not exist and the claims of inequity and estoppel are invalid.

The special findings also show a very few small payments upon bonds now outstanding. However, these few payments upon presently outstanding bonds were made, it appears, long after said bonds were due and there are no facts found which would indicate that the bonds receiving these few payments were not entitled thereto. Credit for these payments is given in the findings so that there would be no duplication of payment and no inequity.

We do not believe that the facts found are sufficient to sustain a defense of estoppel.

Judgment affirmed.

NOTE.—Reported in 67 N. E. (2d) 390.