CITY OF HAMMOND v. NORMA KEILMAN BEIRIGER.

[No. 3-773A80. Filed May 27, 1975. Rehearing denied July 3, 1975.]

*Frank A. J. Stodola,* City Attorney, of Hammond, *David E. Mears,* Assistant City Attorney, of Hammond, *Owen W. Crumpacker,* Special Counsel, of Hammond, for appellant.

*Wendell C. Hamacher,* of Crown Point, for appellee.

STATON, P.J.—On October 2, 1923, the Board of Public Works and Safety of the City of Hammond adopted Improvement Resolution 1012 authorizing the construction of a sewer system in a recently developed residential area. The City financed this project by the issuance of municipal improvement bonds in ten consecutive series with interest coupons attached. As authorized by the Barrett Act, these municipal obligations were issued in anticipation of tax revenues to be derived from special assessments levied upon the benefited realty. IC, 1971, 18-6-5-1 to 30, Ind. Ann. Stat. 48-4401 to 4430 (Burns Supp. 1974). These assessments were payable to the City Treasurer in ten annual installments; the proceeds were to be applied by the City Treasurer to the discharge of the bonds and coupons maturing on dates corresponding to the due dates of the installments.

John L. Keilman, the predecessor in interest of Norma Keilman Beiriger, was the holder of four bonds of the tenth

series maturing on December 1, 1933. When Mr. Keilman presented his bonds for payment on the appropriate date, the City Treasurer dishonored the bonds, asserting that he had not received the tax revenues allocable to the bonds. All of the bonds held by Mr. Keilman were payable out of the tenth installment of the assessments levied under Improvement Resolution 1012; the tenth installment of the assessments was to be collected from the property owners on or before December 1, 1933. When the City Treasurer refused payment of his bonds, Mr. Keilman left his name and address, and requested that he be notified if the Treasurer's office received any funds allocable to his bonds. The Keilman bonds were presented for payment on two subsequent dates, December 12, 1939 and January 29, 1942, and small payments were made by the City Treasurer; these nominal payments on principal and accrued interest were endorsed on the bonds.

On February 1, 1946, Andrew Keilman, the trustee of certain assets of John Keilman's estate, instituted this action against the City of Hammond; Keilman's complaint alleged that the City, through its agents, had collected a substantial amount of the assessments allocable to his bonds, but had refused to disburse these funds when the bonds were presented for payment. At trial, Keilman proved, largely by the City's own records, that approximately eighty percent [80%] of the assessments allocable to his bonds had been paid to the City Treasurer by the owners of the improved realty. Judgment was entered in favor of Keilman for the funds allocable to his bonds which had been received by the Treasurer's office, reduced by the sum of the partial payments on principal and interest collected by the bondholder on December 12, 1939 and January 29, 1942.

The trial court's judgment, originally entered on July 5, 1956, was opened and vacated on January 25, 1958 and reentered on May 10, 1961. The judgment of May 10, 1961 was vacated on August 7, 1961 and subsequently reentered by the trial court on December 11, 1968. The judgments of May 10,

1961 and December 11, 1968 were identical to the original judgment entered on July 5, 1956; the record is silent as to the facts motivating the trial court's indecision. Since neither party has raised any objection to the twelve year delay in entering a final judgment, we will not consider the legal issues suggested by the trial court's action. *Cf. Wadkins* v. *Thornton* (1972), 151 Ind. App. 380, 279 N.E.2d 849.

Shortly after the entry of final judgment in favor of Andrew Keilman on December 11, 1968, Norma Beiriger, the successor in interest of Andrew Keilman, moved to modify the judgment for the purpose of effecting her substitution for Andrew Keilman as nominal party plaintiff. Beiriger's motion for modification also requested a correction of the amount of interest awarded by the judgment; the trial court had inadvertently failed to include the interest accrued on the bonds since May 10, 1961. On March 7, 1969, the trial court vacated the judgment of December 11, 1968, substituted Norma Beiriger for Andrew Keilman as the nominal party plaintiff, corrected the amount of interest awarded to include the interest accrued since May 10, 1961, and reinstated the judgment in favor of Norma Beiriger. The City has appealed from the trial court's denial of its motion for a new trial.

The City asserted the following grounds in support of its motion for a new trial:

"(1) The damages awarded are excessive.
(2) Error in the assessment in the amount of recovery, in that the amount of recovery is too large.
(3) The decision is not sustained by sufficient evidence.
(4) The decision is contrary to law.
(5) Each of the special findings of fact, separately and severally, is not sustained by sufficient evidence.
(6) Each of the special findings of fact, separately and severally, are contrary to law.
(7) Each of the conclusions of law, separately and severally is not sustained by sufficient evidence.
(8) Each of the conclusions of law, separately and severally, is contrary to law.
(9) Error of law in this, that: The Court erred in over-

ruling the objections of the defendant, pursuant to special appearance, filed March 7, 1969 and in entering new findings, a new judgment, and ordering a substitution of parties on March 7, 1969."

The City's brief contains no discussion of facts or legal precedents which tend to establish that the "damages awarded are excessive" or that ". . . the amount of recovery ▓▓▓ is too large." Moreover, the City has failed to profer any analysis of the evidentiary posture of this case to substantiate its assertions that the trial court's judgment, conclusions of law, and findings of fact are not supported by sufficient evidence. A conclusory allegation that the trial court's determination lacks a sufficient evidential basis, without any reference to specific deficiencies, fails to comply with the minimal standards of appellate advocacy prescribed by our *Rules of Appellate Procedure*.[1] *Indiana Rules of Procedure, Appellate Rule* 8.3 (A) ; *State* v. *Porter County Drainage Bd.* (1968), 250 Ind. 216, 235 N.E.2d 491; *Marshall* v. *Russell R. Ewin, Inc.* (1972), 152 Ind. App. 171, 282 N.E.2d 841; *Brown* v. *Indiana Dept. of Conservation* (1967), 140 Ind. App. 638, 225 N.E.2d 187. Assertions of error bereft of any supporting argumentation will not be reviewed by this court.

At trial, the City contended that Keilman's action against the City was barred because of his prior institution of foreclosure proceedings against property owners who had failed to satisfy the assessments levied upon their improved property. The City's affirmative defense is derived from the doctrine of election of remedies. The City argues that a dis-

---

1. The portion of the City's brief addressed to its allegations of insufficient evidence states:

"It is submitted by the defendants that the findings of fact on which the above stated conclusions of law are based are not sustained by sufficient evidence. In examining the court's finding of fact [sic], it appears that the conclusion of law, as set forth in issue E, is based upon findings of fact 8, 9, and 10. Issue F is based upon finding of fact 10 and 14; Issue G does not seem to be based upon any findings of fact, therefore, is incorrectly found and not sustained by sufficient evidence, *Wiltrout, Indiana Practice*, Volume 2, Section 1663. The same argument is applicable to issue H. None of the findings of fact are supported by sufficient evidence." *Appellant's Brief* at 14-15.

appointed bondholder's right to sue the municipality as the primary obligor on his bond is inconsistent with his coexisting remedy of lien foreclosure. Thus, it is asserted that Keilman's prior institution of lien foreclosure proceedings constituted a binding election of mutually exclusive remedies which precluded any subsequent action against the City to enforce its obligation on the unsatisfied bonds.

The doctrine of election of remedies does not preclude the concurrent or successive pursuit of two or more remedies which are consistent in nature. It is only when the remedies available to a prospective litigant are inconsistent or mutually exclusive that the election of one remedy will operate as a bar to the concurrent or subsequent pursuit of other remedies. The validity of the City's affirmative defense depends upon whether the two remedies concurrently pursued by Keilman can be characterized as "inconsistent" in light of the particular facts of this case. In *Kimmel* v. *Captain* (1940), 107 Ind. App. 621, 24 N.E.2d 435, this Court observed that:

> "The test of such inconsistency of remedies has its basis in the factual background which constitutes the cause of action. If the assertion of one cause of action involves the repudiation of another, then the modes of redress are inconsistent. If the one cause of action admits a statement of facts, and the other denies the same facts, the remedies sought by such actions are inconsistent. It follows therefore that where the remedies are not inconsistent, the party may prosecute both actions to a judgment, although only one satisfaction can be had." 107 Ind. App. at 626, 24 N.E.2d at 437.

There was no inconsistency between the two remedies pursued by Keilman. These bonds were not general obligations of the municipality; when assessments were paid to the City, the lien upon the improved property was discharged pro-rata and the City became the principal obligor on the bonds to the extent of the assessments collected. *See, e.g., Read* v. *Beczkiewicz* (1939), 215 Ind. 365, 18 N.E.2d 789; *City of Hammond* v. *Welsh* (1946), 224 Ind. 349, 67 N.E.2d 390.

The City's liability on the bonds was limited to the funds collected under the assessments levied upon the improved property; until the assessments were actually collected by the City, it had no obligation to the bondholder. Keilman's suit to foreclose the general lien upon the improved realty sought to recover only delinquent assessments, the aggregate portion of the improvement levy which had not been paid into the Treasurer's office. Keilman's suit against the City sought to recover only those funds which had actually been collected by the Treasurer, but wrongfully withheld from the bondholder. Since these remedies were entirely consistent and arose from two distinct sets of operative facts, Keilman's pursuit of the lien foreclosure remedy did not operate as a bar to his action against the City. *See City of Hammond v. Melville* (1944), 114 Ind. App. 602, 52 N.E.2d 845.

The City has also challenged the trial court's vacation of its December 11, 1968 judgment and the entry of a new modified judgment on March 7, 1969. The prior judgment was vacated and the new judgment was entered for the purpose of substituting Norma Beiriger for Andrew Keilman as nominal party plaintiff and correcting an error in the computation of interest due on the outstanding bonds and coupons. The City contends that the entry of a new judgment on March 7, 1969 was a nullity since the trial court's jurisdiction over the cause of action ceased with the expiration of the term in which the final judgment was rendered. Thus, the City urges that the trial court was powerless to correct or amend the judgment of December 11, 1968 after the close of the term in which it was rendered on December 31, 1968. This contention is without merit. Under IC 1971, 33-1-6-3 (Burns Code Ed.), trial courts are invested with broad authority to modify or vacate their judgments within ninety [90] days of their rendition. The trial court's vacation of its prior judgment and entry of the modified judgment on March 7, 1969 was fully accomplished within ninety [90] days of the December 11, 1968 judgment.

The judgment of the trial court should be and hereby is affirmed.

Robertson, C.J., and Garrard, J., concur.

NOTE.—Reported at 328 N.E.2d 466.