In re the MARRIAGE OF Catherine LAY and Joseph Stanley Lay.

Joseph Stanley LAY, Appellant (Respondent Below),

v.

Catherine LAY, Appellee (Petitioner Below).

No. 2–985A297.

Court of Appeals of Indiana, Second District.

Sept. 15, 1987.

Richard Walker, Anderson, for appellant.

Ronald McNabney, Anderson, for appellee.

SHIELDS, Presiding Judge.

Joseph Stanley Lay (Stanley) appeals the judgment of the trial court in a dissolution of marriage action. The trial court dissolved the marriage, distributed the marital property, awarded custody of the couple's minor child to Stanley's wife, Catherine Lay (Catherine), and ordered Stanley to provide support. The court also ordered Stanley to pay Catherine's attorney fees and fees for psychological evaluations of Catherine and Krista, the child of the marriage.

## ISSUES

Stanley presents the following issues for review:

1) whether the court erred in awarding custody of Krista to Catherine;

2) whether the court erred in its distribution of the marital property; and,

3) whether the court erred in ordering Stanley to pay Catherine's attorney fees and fees for psychological evaluations of Catherine and Krista.[1]

## DISCUSSION

### I.

*Custody*

Stanley argues the trial court's decision awarding Catherine custody of their daughter, Krista, is contrary to the best interests of the child.

---

1. Stanley also attempts to argue the trial court erred in ordering him to pay one-half of Catherine's outstanding sales tax debt owed to the State resulting from a small business she operated. Because Stanley does not support his conclusory allegation with cogent argument or legal authority, he has waived this claim. Indiana Rule of Appellate Procedure 8.3(A)(7); *City of Hammond v. Beiriger* (1975), 164 Ind.App., 275, 328 N.E.2d 466.

The trial court's order is reviewed by the abuse of discretion standard: we will reverse only if the determination is clearly against the logic and effect of the facts before the court and the reasonable inferences drawn from those facts. *In re Marriage of Ford* (1984), Ind.App., 470 N.E.2d 357, 363.

The determination of custody is governed by Ind.Code Ann. § 31–1–11.5–21 (Burns 1985) which requires the court to act according to the best interests of the child and lists relevant factors which shall be considered:

"(1) the age and sex of the child;

(2) the wishes of the child's parent or parents;

(3) the wishes of the child;

(4) the interaction and inter-relationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interests;

(5) the child's adjustment to his home, school, and community; and,

(6) the mental and physical health of all individuals involved."

Stanley and Catherine offered evidence as to their particular suitability to be the custodial parent of Krista and as to the particular unsuitability of their spouse to perform that function. The evidence adduced by each party was largely disputed by the other. However, there is evidence Krista, age five (5), is a normal child of above average intelligence who feels much closer to her mother. There is also evidence Catherine is largely responsible for Krista's appropriate manners, adjustment and appearance. In addition, the trial court interviewed Krista in chambers and presumably considered her wishes. We assume the trial court considered the factors set forth in I.C. § 31–1–11.5–21 and, given the evidence favorable to the decision, the trial court's judgment awarding custody to Catherine is not against the logic and effect of the facts and inferences before the court.

## II.

### Distribution of Property

Stanley argues the court erred in awarding Catherine a judgment of $9,000.00 as her interest in the equity in the marital residence because: 1) there was no equity in the house, 2) the amount of the judgment exceeds the net value of the marital estate and 3) the division is unjust and unreasonable.

### A.

### No Equity in House

The judge's decision regarding the $9,000.00 was:

"The Court finds that the petitioner has an equity interest in said property in the amount of $9,000.00 and the same is payable within six months of this date."

Rec. at 57. Stanley contends there was insufficient equity in the house from which the $9,000 award could be extracted. He argues the property was worth $55,000 and subject to a judgment lien in favor of his first wife in the amount of $19,000, and a foreclosure judgment in the amount of $40,000. Thus, he concludes there was no equity in the residence to award Catherine, and the trial court's order is erroneous. Review of this issue is governed by the abuse of discretion standard: whether the decision was against the logic and effect of the facts and circumstances. *Hunter v. Hunter* (1986), Ind.App., 498 N.E.2d 1278.

Stanley's argument is based on two erroneous assumptions: the residence had a fair market value of $55,000, and his former wife had a judgment lien of $19,000 against the residence.

At trial, Stanley testified the residence was worth $55,000; however, he admitted on cross-examination it was appraised at $65,000 approximately six months prior to the dissolution hearing.[2] The record is silent as to any change in condition of the

---

2. Stanley's assertion of a lesser value is without merit. Although the house sold for a lesser sum after the dissolution hearing, the trial court must determine value based upon the evidence before it.

residence or any change in the market during that six month period; hence, the evidence supports a determination the residence had a value of $65,000. The $40,000 judgment is not disputed. However, the evidence regarding a lien held by Stanley's first wife is contradictory. Stanley testified to an "equity judgment" but when asked if there was a judgment lien against the residence, he replied, "I'm not sure." Rec. at 109. Also, approximately six months before the filing of the dissolution action, Stanley filed a petition for bankruptcy. He listed his former wife on his bankruptcy petition as an unsecured creditor, without priority, in the amount of $17,000. Thus, the trial court could have reasonably concluded Stanley's former wife did not have a lien upon the real estate. With a value of $65,000 and only a foreclosure judgment of $40,000, the trial court could have reasonably concluded there was an available equity of $25,000 in the residence which supports the trial court's determination Catherine should receive $9,000 as a share of that equity.

### B.

#### No Equity in Marital Estate

Approximately six months prior to the petition for dissolution, Stanley filed for bankruptcy, individually and in his business name. Catherine did not join his petition for bankruptcy, and none of the debts, which totalled over $300,000.00, were attributable to Catherine.

■ Stanley argues because the liabilities in the marital estate, including his debts listed in his bankruptcy petition, outweigh the gross value of the marital assets,[3] there is no marital estate subject to division by the trial court and, accordingly, the trial court's award of $9,000 to Catherine is erroneous.

First, we reject the premise of Stanley's argument, that the net value of the marital estate is less than zero. The trial court could have reasonably concluded Stanley's

debts subject to discharge in bankruptcy were valueless. The fair market value of the marital assets is the subject of proof in a dissolution of marriage proceeding. Similarly, the fair market value of the marital debts is the subject of proof. Assume a $2,000 demand promissory note, given by the husband to his parents, is one of the marital debts. Evidence similar notes by other children have uniformly been forgiven by their parents ten (10) years after the date of execution could be offered to establish the promissory note in our assumed fact, executed eight years previously, is either valueless or has a value less than its $2,000 face amount. Similarly, in the present case, evidence Stanley's debts are listed in his bankruptcy petition is susceptible to the inference they will be discharged. Thus, the trial court could reasonably have concluded the debts are valueless. Accordingly, the net value of the marital estate is positive, not negative.

■ However, even if Stanley were correct in his contention that the liabilities of the marital estate exceed the assets, the trial court's $9,000 award to Catherine is not erroneous.

Ind.Code Ann. § 31–1–11.5–11 (Burns 1980) provides the trial "court *shall* divide the property of the parties...." (emphasis added). Property, for the purposes of this statute, is "that in which the parties have a vested present interest." *Wilcox v. Wilcox* (1977), 173 Ind.App. 661, 365 N.E.2d 792, 795. In addition, the term "property" as used in the statute "refers to physical objects such as cars, houses, and furniture. It also encompasses the complex group of jural relations between the owner of the physical object and all other individuals." *In re Marriage of McDonald* (1981), Ind. App., 415 N.E.2d 75. "Thus, this court ... appears to include assets *and* liabilities in the definition of the term 'property'". *Finley v. Finley* (1981), Ind.App., 422 N.E.2d 289. Accordingly, in a dissolution proceeding, the trial court is mandated, by

---

**3.** The record is devoid of evidence on the gross value of the marital assets with the exception of the marital residence, a small checking account and an inventory of Home Interior products.

However, a fair assumption is the unvalued assets had a minimal value inasmuch as they included an inoperable automobile, and personal and household goods.

statute and case law, to divide the assets and liabilities of the parties to the proceeding in which they have a vested present interest. Of course, the trial court may not divide assets which do not exist just as it may not divide liabilities which do not exist. However, if either an asset or liability exists, it must be included in the marital pot and is subject to a just and reasonable division.

Contrary to Stanley's argument, the value of the assets and liabilities in which the parties have the required vested present interest does not impact upon the question of whether they are assets or liabilities or whether they are a vested present interest. Value is irrelevant to the question whether an item is an asset, something owned, or a liability, something owed or to whether the item is owned or owed in present or in *futuro*.

This is not to say valuation is not a statutorily mandated consideration. It is. I.C. § 31–1–11.5–11 further provides the marital property shall be divided "in a just and reasonable manner." "Thus, the only requirement of distribution of assets and liabilities is one of reasonableness." *Finley*, 422 N.E.2d at 295. And, in reviewing the reasonableness of the division, it is only logical to compare the net divisions because comparing the divided gross assets without examining the division of liabilities would give a distorted view of the reasonableness of the division. Thus, the concept of "net assets" is a factor appropriate to the consideration of whether there is a just and reasonable division of the marital property.

Here, the marital pot consisted of the various assets of the parties, including their residence, personal and household property, etc. It also consisted of the parties' various joint and several liabilities including the obligation on the residence and Stanley's business debts listed on his bankruptcy petition. The parties had a vested present interest in those assets and liabilities. Consequently, those assets and liabilities comprised the marital property the court was required to divide. Thus, the court did not err in dividing the marital property merely because the marital estate

as a whole did not have a net value. As stated above, valuation of the marital property is only relevant to the issue of whether the trial court's distribution is unreasonable because of disparate *net* values. In fact, Stanley makes that argument, which we address later in this opinion.

Finally, there are sound policy reasons to reject Stanley's contention. If trial courts were required to "net out" the marital estate and were prohibited from distributing property benefits in excess of the overall equity, the goals of a just and reasonable division would be thwarted. In addition, in situations where the liabilities exceed the gross value of the assets, the trial court would be unable to assign assets to either party leaving them in a hopeless legal quagmire. Such a result would defeat one of the principal goals of the dissolution statute: to settle the financial affairs of the marriage so a parting of the ways may be final financially as well as otherwise.

### C.

### *Unjust and Unreasonable Division*

■ Stanley contends the trial court erred in finding Catherine had any equity in the residence inasmuch as he brought the residence into the marriage, Catherine did not make any significant financial contributions to the residence during the marriage, and the record is devoid of evidence the residence appreciated in value during the marriage.

Ind.Code Ann. § 31–1–11.5–11(b) (Burns Repl.1980) mandates a just and reasonable distribution of the marital assets in a dissolution proceeding. As an assistance in attaining that result, the statute provides the trial court must consider several factors. Husband points to two of these factors: the "extent to which the property was acquired by each spouse prior to the marriage" and the "contribution of each spouse to the acquisition of the property" I.C. § 31–1–11.5–11(b)(1), (2). However, he overlooks other statutory factors which include:

"(3) The economic circumstances of the spouse at the time the disposition of

the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property; and

(5) The earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."

I.C. § 31–1–11.5–11(b)(3–5). Further, he overlooks the statutory admonition the contribution to the acquisition of the property factor includes the "contribution of a spouse as homemaker." I.C. § 31–1–11.5–11(b)(1). The statutory factors are to be considered together in determining what is just and reasonable; any one factor is not entitled to special weight. The residence is unquestionably marital property which must be disposed of by the decree. Considering Catherine's employment as a homemaker, her limited financial resources at the time of the property disposition, Stanley's greater earning power, and Catherine's custody of the child of the parties, the trial court did not abuse its discretion in awarding Catherine a portion of the marital property.

### III.

### Costs and Attorney Fees

■ Stanley argues the court erred in ordering him to pay Catherine's attorney fees, and the fee for Krista and Catherine's psychological evaluation incurred in preparation for trial.[4] Stanley contends these fees were excessive and Catherine had sufficient assets to pay them; however, Stanley did not present facts to support the allegation of excessiveness. The only fact he raises in support of Catherine's ability to pay the fees is his trial testimony Catherine's business inventory was worth $10,000.00. This valuation is at odds with Catherine's estimate of $2,000.00.

Furthermore, the fact the requesting party has assets from which payment of attorney fees and litigation expenses could be made does not, of itself, make an award for that party's benefit improper. *Howard v. Reeck* (1982), Ind.App., 439 N.E.2d 727; *Taylor v. Taylor* (1982), Ind., 436 N.E.2d 56.

This court reviews an award of attorney fees and litigation expenses only for an abuse of discretion. Stanley has simply not shown the trial court abused its discretion in ordering Stanley to pay Catherine's attorney fees and the expense of the psychological evaluations.

Judgment affirmed.

BUCHANAN, J., concurs in result.

GARRARD, J., concurs, with separate opinion.

GARRARD, Presiding Judge, concurring.

While I concur with Judge Shields' opinion, it appears to me that an alternative ground supports the determination that there was marital property subject to division.

The parties owned their residence as tenants by the entireties. The equity in the home was therefore not liable to the individual debts of either spouse. *Baker v. Cailor* (1933), 206 Ind. 440, 186 N.E. 769.

Thus, the trial court might reasonably determine that the equity value of the home in excess of any debts for which both husband and wife were liable did constitute a marital asset for distribution pursuant to IC 31–1–11.5–11.

Once that determination was made, then the statutory command is simply that the property be divided in a just and reasonable manner.

There has been no showing that the court abused its discretion in dividing the property as it did.

I concur.

---

4. The psychological evaluation expense was incurred by Catherine in response to Stanley's claim Catherine was not "mentally stable". Record at 48.