TAYLOR v. SMITH, ASSIGNEE.

[No. 2,789. ' Filed May 24, 1899.]

COMPLAINT.—*Action on Appeal Bond.*—A complaint in an action on an appeal bond, which does not name the surety as a defendant either in the caption or body of the complaint, and does not aver that the bond was executed, nor connect the surety with the cause of action stated. is insufficient as against the surety.  *p. 421.*

PRACTICE.—*Action on Appeal Bond.*—*Statute of Limitations.*—An appeal bond is a written contract for the payment of money, and a right of action thereon accrues, against which the statute of limitations begins to run, when the judgment is rendered on appeal; and it is not necessary to attempt the collection of the judgment before suing on the bond.  *pp. 421, 422.*

LIMITATION OF ACTION.—*Appeal Bond.*—An action on an appeal bond is governed by section 293 Horner 1897, and must be commenced within ten years.  *p. 422.*

From the Huntington Circuit Court.  *Reversed.*

*W. H. Trammel, France & Dungan* and *Stuart Bros. & Hammond,* for appellant.

*T. G. Smith,* for appellee.

HENLEY, J.—Appellant was summoned to answer the complaint in this cause.  He appeared and separately demurred to the complaint for want of facts.  His demurrer was overruled.

It is first contended by the learned counsel for appellant in this cause that the lower court erred in overruling the appellant's demurrer to appellee's amended complaint.  The amended complaint, which the lower court held good as against appellant's demurrer, was in the following words:

"State of Indiana, county of Huntington—ss:  Huntington Circuit Court, September Term, 1897.  Thomas G. Smith, Assignee of Nathan W. Rogers, Plff., vs. The Wabash, St. Louis & Pacific Railway Company, The Wabash Railroad Co., Deft.

"Comes now Thomas G. Smith, and gives the court to be

informed and understand that about March, 1883, one Nathan W. Rogers obtained judgment against said Wabash, St. Louis & Pacific Railway Company before D. C. Anderson, a justice of the peace within and for Huntington township, county and State aforesaid; that within thirty days thereafter said railway company prayed an appeal therefrom to the Huntington Circuit Court, and filed with said justice of the peace an appeal bond in the words and figures as follows, to wit: 'Justice Appeal Bond. We, the Wabash, St. Louis & Pacific Railway Company and Enos T. Taylor, acknowledge ourselves bound to Nathan W. Rogers in the penal sum of one hundred dollars. Witness our hands and seals this 15th day of March, 1883. Whereas, said Nathan W. Rogers within thirty days last past obtained judgment against the Wabash, St. Louis & Pacific Railway company before DeWitt C. Anderson, justice of the peace in and for county of Huntington and State of Indiana, for forty-eight dollars and forty-eight cents, with costs taxed at six dollars and seventy cents, and said Wabash, St. Louis & Pacific Railway Company has appealed therefrom to the Huntington Circuit Court of said county: Now, if said Wabash, St. Louis & Pacific Railway Company shall prosecute his appeal to final judgment, and pay such judgment as may be rendered against him on said appeal, this bond shall be void, else in force. The Wabash, St. Louis & Pacific Railway Company. (Seal.) E. T. Taylor.' That said justice of the peace accepted said bond, and prepared a transcript of said judgment, and filed the same with the clerk of said court, and the same was duly and properly docketed in the dockets of said court as a cause pending therein within the time allowed by law for perfecting appeals from the justice of the peace, and afterward, to wit, April 3, 1884, the parties, both plaintiff and defendant, appearing fully thereto and therein, and said cause came on for trial which resulted in a judgment being rendered therein in favor of said Rogers, and against said Wabash, St. Louis & Pacific Railway Company,

for the sum of $36.90 and costs, which judgment is contained in order-book Z, on page 382, of said court; that on the 24th day of May, 1884, said Rogers assigned said judgment to this plaintiff, in writing, on the docket of said court duly signed, and which remained wholly due and unpaid, together with interest, as appears upon said record, and almost immediately after said judgment was so rendered, in 1884, said Wabash, St. Louis & Pacific Railway Company became insolvent, was placed in the hands of a receiver as insolvent, and was succeeded by the Wabash Railroad Company, and that said insolvent company has not had since 1884 any agent or representative in Huntington county, to affiant's knowledge, or any property except that which went into the hands and control of said receiver, and all of which passed to the Wabash Railroad Company, its successor; that by reason of the insolvency of said Wabash, St. Louis & Pacific Railway Company aforesaid, plaintiff did not file said judgment as a claim with said receiver, and has never been able to realize anything on the same, and in fact never has received anything thereon; that there is no agent or representative of said Wabash, St. Louis & Pacific Railway Company in existence anywhere, to plaintiff's knowledge, except said Wabash Railroad; that said company dissolved and went out of business in the year 1884, as affiant is informed, and has had no existence since that time, to affiant's knowledge; that said Wabash Railroad Company, its successor, now owns all the property, rights, credits, franchises, consisting of a railroad and equipments, which formerly belonged to said insolvent company, and is running and operating the same in and through Huntington county, and has an office in said county, and an agent in charge of same in said county, in the person of John Goring, who has been served with the process of this court in this cause; that said Wabash Railroad Company succeeded said insolvent company, and took and received the ownership and control of all of said property and franchises as aforesaid, and is now in possession of

and operating the same as a railroad as its predecessor had been doing when said judgment was so rendered and became a lien on the real estate of said railroad in said county, but has wholly failed and refused to pay plaintiff's claim which it had assumed, to him, or to any person for him, to the best of his knowledge, although often requested so to do. Wherefore plaintiff says the condition of said bond has been broken. Wherefore he demands a judgment for. $100, and his costs, and all other proper relief."

This complaint does not state a cause of action against appellant. He is not named as defendant in the caption or in the body of the complaint. It is not alleged that appellant executed said bond as surety, or that he executed it in any other manner; nor is it alleged that the bond was executed by any one. There is no allegation in the complaint even remotely connecting appellant with the cause of action attempted to be stated by appellee in his complaint. A defendant, under our code, is entitled to know by direct averment the material facts upon which the plaintiff relies; and such material facts, positively alleged, and not left to be gathered by conjecture, or stated by recital, must be sufficient to constitute a cause of action against him, or such complaint should be held bad on demurrer, and he ought not to be required to answer. *Wabash, etc., R. Co.* v. *Johnson,* 96 Ind. 40; *Cummins* v. *City of Seymour,* 79 Ind. 491, 41 Am. R. 618.

Appellee dismissed his action as to the Wabash Railway Company and the Wabash and St. Louis Railway Company. Appellant answered in two paragraphs: First, general denial; second, the ten-year statute of limitations. The lower court sustained appellee's demurrer for want of facts to appellant's second paragraph of answer. In this action we think the lower court also erred. A cause of action accrued against appellant, and in appellee's favor, upon the appeal bond in suit, when the plaintiff, in the case appealed from, obtained his judgment in the circuit court. "In such a case,

it seems very clear to us, that the obligees in the appeal bond may at once, and in the first instance, enforce the collection of their judgment against the obligors in such a bond, without any attempt to collect such judgment from the judgment defendants." *Railsback* v. *Greve*, 58 Ind. 72. The complaint shows upon its face that the judgment in the circuit court was rendered more than thirteen years before the commencement of this action. The judgment was a money judgment merely, and the appeal bond was a written contract for the payment of the money. *Myers* v. *Shoneman*, 90 Ill. 80; *Coursen* v. *Browning*, 86 Ill. 57. This action is governed by clause five of section 293 Horner 1897, and should have been commenced within ten years after it accrued. Judgment reversed.