# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**JEFFREY B. KOLB**
**CHRISTOPHER MICHAEL RIPLEY**
Kolb Roellgen & Kirschoff LLP
Vincennes, Indiana

ATTORNEYS FOR *AMICUS CURIAE*
Indiana County Surveyors Association

**EDWARD P. GRIMMER**
**DANIEL A. GOHDES**
Crown Point, Indiana

ATTORNEYS FOR APPELLEES:

**JOHN W. BOWERS**
**NATHANIEL O. HUBLEY**
Theisen Bowers & Associates, LLC
Fort Wayne, Indiana



FILED
Feb 20 2014, 10:51 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

MICHAEL W. STEVENSON,    )
             )
  Appellant-Plaintiff,    )
             )
    vs.        )  No. 26A01-1212-PL-540
             )
COUNTY COMMISSIONERS of Gibson )
County, Indiana, BOB TOWNSEND,  )
DON WHITEHEAD, GERALD BLEDSOE, )
COUNTY COUNCIL of Gibson County,  )
Indiana, TONY WOLFE, JEREMY OVERTON, )
GEORGE ANKENBRAND, D. CRAIG PFLUG, )
WILLIAM McCONNELL, WILLIAM W.  )
GEORGE and CECIL ROBERT ALLEN,  )
             )
  Appellees-Plaintiffs.    )

APPEAL FROM THE GIBSON CIRCUIT COURT
The Honorable David O. Kelly, Special Judge
Cause No. 26C01-0908-PL-10

**February 20, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Michael W. Stevenson appeals a judgment for the Gibson County Commissioners and County Council (collectively, "the County"). We consolidate and restate the issues he raises as:

1. Whether Stevenson was paid the correct salary as the County Surveyor; and

2. Whether Stevenson was entitled to additional compensation for referencing corners in Gibson County.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On January 1, 2005, Stevenson took office as the County Surveyor. His salary for 2005 was $36,170.00. When he took office, Stevenson was not a licensed surveyor, but he obtained a license in June 2005. The prior surveyor had been licensed. Stevenson was re-elected in 2008 and 2012.

As part of his budget proposal for 2006, Stevenson requested a salary of $56,439.00. He claimed he was entitled to that amount pursuant to Ind. Code § 36-2-12-15(b), which requires a licensed surveyor be paid 1.5 times the amount an unlicensed surveyor is paid. The County Council denied his request, and added a note to the budget indicating a salary amount for an unlicensed surveyor, which was 1.5 times less than Stevenson's $38,250.00 salary. Each subsequent budget year, from 2007 to 2012, Stevenson requested a salary at 1.5 times the salary he was being paid, and each year the County Council denied his request and added a note in the budget indicating the salary for an unlicensed surveyor, at a rate of 1.5 times less than the salary Stevenson was given in the budget.

One of Stevenson's duties as County Surveyor, pursuant to Ind. Code § 36-2-12-15(d), was to "reference the corners" in Gibson County. The statute indicated a licensed surveyor was to be paid $4.00 per corner referenced. Each year when Stevenson created a proposed budget, he requested, and the Gibson County Council budgeted, between $800.00 and $1,200.00 to pay for corner referencing. Each year, Stevenson was paid the full amount budgeted.

On June 16, 2009, Stevenson submitted an accounts payable voucher to the Gibson County Commissioners. The voucher requested payment, in part, for additional compensation that Stevenson asserted he was due based his claim that he annually referenced all 1,959 corners in Gibson County and should be paid a rate of $4.00 per corner. The County Commissioners denied his request for additional compensation.

Stevenson sued the County on August 4, 2009. His complaint requested additional compensation for referencing corners and for what he alleged were discrepancies in his salary. He also requested additional contributions be made to his Public Employee Retirement Fund (PERF) account based on the additional salary he claimed, pre-judgment interest, and damages under the Indiana Wage Payment Act. After hearings on March 20-21, 2012, the trial court entered judgment in favor of the County.

## DISCUSSION AND DECISION

When, as is the case here, a trial court enters findings of fact and conclusions of law *sua sponte*, the findings "control only as to the issues they cover and a general judgment will control as to the issues upon which there are no findings." *Tracy v. Morell*, 948 N.E.2d 855,

3

862 (Ind. Ct. App. 2011). We review findings for clear error and we review conclusions of law *de novo*. *Bowyer v. Ind. Dept. of Natural Res.*, 944 N.E.2d 972, 983 (Ind. Ct. App. 2011), *reh'g denied*. We do not reweigh evidence and consider only the evidence favorable to the trial court's judgment. *Id*. A judgment is clearly erroneous if no evidence supports the findings, the findings do not support the judgment, or the trial court applied the wrong legal standard. *Id*. at 983-84.

1.      Stevenson's Salary[1]

Pursuant to Ind. Code § 36-2-12-15(b):

(b) When fixing the compensation of county officers under this title, the county fiscal body shall fix:
> (1) compensation for the surveyor as if he is registered under IC 25-21.5 or IC 25-31; and
> (2) compensation for the surveyor as if he is not registered under IC 25-21.5 or IC 25-31.
The compensation fixed under subdivision (1) must be one and one-half (1 ½) times that fixed under subdivision (2). The county fiscal body shall then determine whether or not the surveyor is registered under IC 25-21.5 or IC 25-31 and shall fix his compensation in the proper amount.

When Stevenson became the County Surveyor, he was not licensed, and thus not registered as such, under Ind. Code § 25-21.5 or 25-31. Nevertheless, the County paid him the $36,170.00 that had been approved in the 2005 budget for the "incumbent licensed County Surveyor." (App. at 14.) He became a licensed and registered surveyor in June 2005, and his salary did not change at that time. Stevenson brought the requirements of Ind. Code § 36-2-

---

[1] Stevenson also argues he is entitled to contributions to his PERF based on the salary he alleges he has been denied, pre-judgment interest, and damages under the Indiana Wage Payment Act. As he is not entitled to additional salary or compensation, we need not address those allegations of error.

12-15(b) to the County's attention in his budget request for 2006, when he requested his salary be increased to $56,439.00, or approximately 1.5 times his 2005 salary. The County Council denied this request and set Stevenson's salary at $38,250.00. In each of his subsequent budget proposals, Stevenson requested a salary 1.5 times his salary for the previous year.

Stevenson argues the County violated Ind. Code § 36-2-12-15 because it did not set two levels of salary based on whether the County Surveyor was licensed, and thus Stevenson is entitled to a salary at the rates he requested for 2006 - 2012, which were 1.5 times the amount he was paid. The trial court found:

> 15. Once the Council became aware of its statutory obligations to fix two (2) salary amounts for the Surveyor (one unlicensed and the licensed amount 1.5 times that of the unlicensed rate), it set a salary of $26,640.00 as the amount an unlicensed surveyor would receive for fiscal year 2007. When the 1.5 multiplier was applied, Stevenson was paid a salary commensurate with other elected officials (approximately $40,000.00) as a licensed surveyor. This practice continued for fiscal years 2008 through 2012.

(App. at 17.) We see no abuse of discretion in the trial court's decision.[2]

Stevenson stated in a letter dated July 7, 2006, "[The Gibson County Council] addressed [the lack of a two-tiered salary structure based on Ind. Code § 36-2-12-15] by reducing the salary of a non-licensed surveyor to $25,000.00." (App. at 146.) While his characterization of the County Council's actions is incorrect,[3] his statement acknowledges

---

[2] The 2005 salary amount was a rate for a licensed surveyor, as Stevenson's predecessor had been. This suggests Stevenson was overpaid for the first five months of 2005, as he was unlicensed until June 2005.

[3] The County presented evidence Stevenson's salary when he took office in 2005 was the salary for the "incumbent County Surveyor." (App. at 14.) Stevenson's predecessor was licensed. Therefore, the trial court's finding indicating the salary set in 2005 was for a licensed surveyor is supported by the evidence, and we reject Stevenson's arguments to the contrary.

that, after being put on notice it was violating Ind. Code § 36-2-12-15, the County corrected

the issue by setting a salary for an unlicensed surveyor when there had not previously been

one.

The County Council continued from that time to include a note in the budget regarding

the salary amount for an unlicensed surveyor.  Therefore, since 2006 the County Council has

observed the requirements of Ind. Code § 36-2-12-15(b), and the trial court's findings and

conclusions to that effect were not erroneous.[4]  *See Bowyer*, 944 N.E.2d at 983-84 (findings

and conclusions not erroneous when supported by evidence presented).

2.      Corner-Referencing Compensation

Stevenson argues the trial court erred when it did not find he is entitled to $35,580.00

in additional compensation for seven years of unpaid corner references he allegedly

completed pursuant to Ind. Code §§ 36-2-12-15(d) and 36-2-12-11.  He contends to receive

the compensation he is required only to "hav[e] a book of records" and "sit there and draw

the money."  (Tr. at 109-10.)

To address Stevenson's argument, we must first interpret the statute from which the

controversy arises.  Our process of statutory interpretation is well-settled:

> A question of statutory interpretation is a matter of law.  In such interpretation,
> the express language of the statute and the rules of statutory interpretation
> apply.  We will examine the statute as a whole, and avoid excessive reliance on

---

[4] Stevenson also argues the County Council was not authorized to change his salary at any time during his term of office based on his interpretation of Ind. Code § 36-2-5-13, which states an elected official's salary "may not be changed in the year for which it is fixed."  In support of his argument, he cites *Sherrard v. The Board of Commissioners of the County of Fulton*, 151 Ind. App. 127, 278 N.E.2d 307 (1972), *reh'g denied*, which he contends "discusses I.C. § 36-2-5-13 and the question of when an elected public official's salary becomes fixed." (Br. of Appellant at 12.)  Ind. Code § 36-2-5-13 was not enacted until 1980, and Stevenson does not explain how this Court could have discussed or applied that section eight years prior to its promulgation.

a strict literal meaning or the selective reading of words. Where the language of the statute is clear and unambiguous, there is nothing to construe. However, where the language is susceptible to more than one reasonable interpretation, the statute must be construed to give effect to the legislature's intent. The legislature is presumed to have intended the language used in the statute to be applied logically and not to bring about an absurd or unjust result. Thus, we must keep in mind the objective and purpose of the law as well as the effect and repercussions of such a construction.

*Nash v. State*, 881 N.E.2d 1060, 1063 (Ind. Ct. App. 2008), *trans. denied*.

Pursuant to Ind. Code § 36-2-12-15(d), a licensed County Surveyor is entitled to $4.00

for each corner reference required under Ind. Code § 36-2-12-11, which states:

(a) The county surveyor shall administer this section if the county surveyor is registered as a professional surveyor under IC 25-21.5. If the county surveyor is not registered, the county surveyor shall, with the approval of the county executive, appoint a person who is registered as a professional surveyor and is a resident voter of the county to administer this section. If a resident, professional surveyor is not available, a professional surveyor who resides in another county may be employed.

(b) The county surveyor shall keep and maintain a corner record book, that must contain:

> (1) a record and an index by location of all the original government survey corners;
> (2) outline maps of each section, grant, tract, and subdivision or group of sections, grants, tracts, and subdivisions in the county showing the location of each corner on record and stating at the location of each corner on the map where the reference for that corner may be found; and
> (3) a reference index for each corner.

A separate card index system may be used in lieu of the index required by subdivision (3).

(c) The record of each corner referenced in the record book must contain:

> (1) the location of the corner;
> (2) an accurate description of the monument used to mark the corner such as "stone" or "iron pin";
> (3) the distance and bearings from the corner to three (3) or more permanent objects or structures;
> (4) the date the corner was last checked and the condition of the monument and references;

7

(5) the name of the county surveyor making the check; and

(6) the method of establishing or relocating the corner.

(d) The records of the county corners shall be established and perpetuated in the following manner:

(1) Each year the county surveyor shall check and reference at least five percent (5%) of all corners shown in the corner record book.

(2) The county surveyor may enter in the county surveyor's corner record book the findings submitted by a private, professional surveyor who checks and references corners and is registered under IC 25-21.5.

(e) Any money in the county surveyor's corner perpetuation fund collected under IC 36-2-7-10 or IC 36-2-19 may be appropriated in the manner provided by law for the purposes of this section.

Ind. Code § 36-2-12-11(d)(1) requires the County Surveyor[5] to "check and reference" at least five percent of all corners in the county each year. The record book must contain "the date the corner was last checked and the condition of the monument and references[.]" Ind. Code § 36-2-12-11(c)(4). The plain language of the statute, read as a whole, reflects a requirement to "check" a corner to receive compensation. To "check" something involves "examination," "inspection, investigation," or "verifying." Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/check (last accessed January 8, 2014). Thus, to "check" a corner is to perform a physical inspection thereof based on the language requiring the surveyor to note the condition of the monument and references. We therefore hold the "check and reference" mandated by Ind. Code § 36-2-12-11 requires the surveyor to perform a physical inspection of the corner to receive the $4.00 compensation

---

[5] We also disagree with Stevenson's argument that the provision for $2.00 compensation per corner reference for unlicensed surveyors under Ind. Code 36-2-12-15(d) indicates no physical inspection need be done under Ind. Code § 36-2-12-11 and the unlicensed surveyor, like the licensed surveyor, would receive compensation for every corner in the county for simply keeping the record book. Compensation for keeping the record book requires a physical inspection and such is implied by the plain language of Ind. Code § 36-2-12-11(a) which states an unlicensed surveyor must hire a licensed surveyor to perform the corner inspections and may rely upon that person's report for making the entries into the record book.

under Ind. Code § 36-2-12-15(d).

The trial court's findings and conclusions denying Stevenson's claim for additional compensation are in accordance with our interpretation of the controlling statutes. Thus, they are not erroneous.[6]

**CONCLUSION**

The trial court did not err when it determined Stevenson was not entitled to additional salary or to additional compensation for corners he allegedly referenced. Accordingly, we affirm the decision of the trial court.

Affirmed.

BAKER, J., and MATHIAS, J., concur.

---

[6] Stevenson argues we should accept an alternate interpretation of the statute based on his testimony during trial. However, as statutory interpretation is a matter of law, his testimony does not require a different result.