# FOR PUBLICATION



**FILED**
Dec 16 2014, 9:25 am

**CLERK**
of the supreme court,
court of appeals and
tax court

<u>ATTORNEY FOR APPELLANT:</u>

**F. ANTHONY PAGANELLI**
Paganelli Law Group
Indianapolis, Indiana

<u>ATTORNEY FOR APPELLEE:</u>

**H. KIM TeKOLSTE**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CHAD FOLKENING, DSL.COM, INC., and )
eCORP, INC. d/b/a eCORP.COM, INC., )
                                       )

    Appellants-Defendants, )
                                         )

           vs. )     No. 49A02-1403-PL-181

                                         )
MEGAN VAN PETTEN n/k/a )
MEGAN VAN PETTEN WALTON, )
                                         )

    Appellee-Plaintiff. )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick L. McCarty, Judge
Cause No. 49D03-1010-PL-45056

**December 16, 2014**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Megan Van Petten (now known as Megan Van Petten Walton) contracted with Chad Folkening to provide consulting services to one of his companies, eCorp, Inc. Later, Folkening obtained a loan to purchase some Shelbyville real estate. In exchange for Van Petten's co-signature on the loan, Folkening agreed to give her stock in another one of his companies, DSL.com, Inc., plus fifty percent ownership in the real estate. Van Petten terminated her consulting relationship with Folkening. She and Folkening then executed a settlement agreement and general release pursuant to which Folkening, eCorp, and DSL.com (collectively "Appellants") agreed, among other things, to purchase Van Petten's stock for $175,000 and either satisfy the mortgage on the real estate or convey the deed to Van Petten by certain dates. Appellants failed to do so.

More than six years later, Van Petten filed a complaint against Appellants, seeking judgment for $175,000 and conveyance of the deed to the property. The parties settled the property claim before trial. Appellants filed a motion to dismiss and a motion for summary judgment asserting that Van Petten's claim was time-barred by Indiana Code Section 34-11-2-9, which imposes a six-year limitation period for actions on "written contracts for the payment of money[.]" Van Petten argued for the ten-year limitation period of Indiana Code Section 34-11-2-11, which applies to actions on written contracts "other than those for the payment of money[.]" The trial court denied Appellants' motions. After a bench trial, the court entered judgment in favor of Van Petten, concluding that Appellants breached the agreement and that the ten-year limitation period of Section 34-11-2-11 applied to Van

Petten's claim because the Agreement "concerned more than just the payment of money[.]" Appellants' App. at 11.

Appellants contend that the trial court applied the wrong statute of limitations. We disagree and therefore affirm.

**Facts and Procedural History**

In January 2002, Van Petten contracted with Folkening to provide consulting services to eCorp, which Folkening owned. In November 2002, Folkening obtained a loan to purchase some Shelbyville real estate. In exchange for Van Petten's co-signature on the loan, Folkening agreed to provide her with ten percent ownership in DSL.com, which he also owned, and fifty percent ownership in the real estate.

In 2004, Van Petten terminated her consulting relationship with Folkening. Later that year, BuyTelco became interested in purchasing DSL.com and other Folkening assets. BuyTelco negotiated with Folkening to purchase the holdings for $3.5 million, with a tentative closing date of July 30, 2004. The closing was delayed several times, and the transaction was never finalized.

On July 26, 2004, four days before the expected closing date with BuyTelco, Folkening and Van Petten executed a settlement agreement and general release ("Agreement") that reads in pertinent part as follows:

> 2.     Payment. The Company [i.e., eCorp, DSL.com, and Folkening] on Monday, August 2, 2004, shall pay to the order of Megan Van Petten the sum of One Hundred Seventy-Five Thousand Dollars ($175,000.00) in one lump-sum payment without any deductions therefrom, which payment is for the purchase by Company of Megan Van Petten's 150,000 shares of the common stock of DSL.com, Inc. and for the additional 2,000,000 shares of the

3

common stock of DSL.com, Inc. representing ten percent (10%) of the authorized common shares, all of which constitutes capital gains.

3.     Satisfaction of Mortgage. The Company agrees that it shall pay off and satisfy the entire balance of the mortgage [of the property in] Shelbyville, Indiana, including all fees, interest, real estate taxes, insurance and expenses associated therewith, which are due and payable to Apex Mortgage Corp., on or before Friday, August 6, 2004, and Company shall cause the full and complete release of Megan Van Petten from any and all liabilities and obligations thereunder. Company further agrees to provide Megan Van Petten by Monday, August 16, 2004, with written evidence and documentation that Company has paid and satisfied said mortgage ….

4.     Failure by Company to Satisfy Mortgage. In the event Company fails to pay off and satisfy the entire balance of the mortgage on the aforedescribed real estate by Friday, August 6, 2004, or fails to provide Megan Van Petten with written documentation and evidence of such act by Monday, August 16, 2004, Chad Folkening shall convey to Megan Van Petten, by warranty deed, all right, title and interest he has in and to said real estate [in] Shelbyville, Indiana, which deed shall be delivered by Chad Folkening to Megan Van Petten no later than noon, August 20, 2004 ….

….

17.     Governing Law and Actions.   This Agreement shall be interpreted in accordance with the laws of the State of Indiana.…   In any lawsuit arising under this Agreement, whether in law or in equity, the prevailing party shall recover his, its or her, reasonable attorney's fees, and all expenses and costs of the litigation from the opposing party(ies) in such lawsuit.

Appellants' App. at 41-42, 44. The Agreement also contains mutual release clauses, a hold harmless/indemnification clause, and a nondisparagement clause, among other provisions.

Folkening did not pay Van Petten $175,000 by August 2 and did not satisfy the mortgage by August 6 or convey the deed to Van Petten by August 20 as required by the Agreement.

More than six years later, in October 2010, Van Petten filed a complaint against Appellants alleging that they breached the Agreement by failing to purchase the stock and

4

failing to satisfy the mortgage or convey the deed. In her prayer for relief, Van Petten requested a judgment of $175,000 and conveyance of the deed, plus prejudgment interest and attorney's fees.

In December 2010, Appellants filed a motion to dismiss asserting that Van Petten's claim for $175,000 was time-barred by Indiana Code Section 34-11-2-9, which provides in pertinent part that "[a]n action upon promissory notes, bills of exchange, or other written contracts for the payment of money … must be commenced within six (6) years after the cause of action accrues." Appellants also asserted that Van Petten's claim regarding the real estate was "moot" because the property had been sold, the mortgage paid off, and the proceeds divided between Van Petten and Folkening. Appellants' App. at 17.

In response to Appellants' motion, Van Petten argued that the applicable statute of limitations was Indiana Code Section 34-11-2-11, which provides in pertinent part,

> An action upon contracts in writing other than those for the payment of money, and including all mortgages other than chattel mortgages, deeds of trust, judgments of courts of record, and for the recovery of the possession of real estate, must be commenced within ten (10) years after the cause of action accrues.

Van Petten asserted that this statute applied because the Agreement "contained much more than the mere payment of money." Appellants' App. at 19.

Appellants also filed a motion for summary judgment that raised the statute of limitations issue. The trial court denied both motions and held a bench trial in May 2013. In February 2014, the court issued an order concluding that Appellants breached the Agreement by not paying Van Petten "the amounts owing pursuant to its terms" and that the ten-year

5

limitation period of Indiana Code Section 34-11-2-11 applied because the Agreement "concerned more than just the payment of money[.]" *Id*. at 11. The court awarded Van Petten $175,000 plus prejudgment interest and attorney's fees. This appeal followed.

**Discussion and Decision**

Appellants contend that the trial court erred in concluding that Indiana Code Section 34-11-2-11, rather than Section 34-11-2-9, is the applicable statute of limitations. This is a matter of statutory interpretation, a pure question of law that we review de novo. *Shepherd Props. Co. v. Int'l Union of Painters & Allied Trades, Dist. Council 91*, 972 N.E.2d 845, 848 (Ind. 2012). We first look to the plain language of the statutes and, if unambiguous, give effect to their plain meaning. *Citizens Action Coal. of Ind., Inc. v. N. Ind. Pub. Serv. Co.*, 796 N.E.2d 1264, 1269 (Ind. Ct. App. 2003), *trans. denied* (2004). We examine the statutes as a whole and "avoid excessive reliance on a strict literal meaning or the selective reading of words." *Stevenson v. Cnty. Comm'rs of Gibson Cnty.,* 3 N.E.3d 1062, 1066 (Ind. Ct. App. 2014) (quoting *Nash v. State*, 881 N.E.2d 1060, 1063 (Ind. Ct. App. 2008), *trans. denied*), *trans. denied*.

> The legislature is presumed to have intended the language used in the statute to be applied logically and not to bring about an absurd or unjust result. Thus, we must keep in mind the objective and purpose of the law as well as the effect and repercussions of such a construction.

*Id*. (quoting *Nash*, 881 N.E.2d at 1063). "Statutes relating to the same general subject matter are in pari materia (on the same subject) and should be construed together to produce a harmonious statutory scheme." *In re G.W.*, 977 N.E.2d 381, 385 (Ind. Ct. App. 2012), *trans. denied* (2013).

6

The plain language of the statutes is unambiguous and establishes that the limitations period is based on the substance of the contract and not on the substance of the action, as Appellants suggest. Appellants cite *INB National Bank v. Moran Electric Service, Inc.*, which states,

> The substance of the action, rather than its form, determines the applicable statute of limitations. The mere existence of a written document associated with a cause of action does not automatically enable a claimant to avail himself of the [statute of limitations for written contracts] in order to avoid a shorter statute of limitations; the written document must in fact be the basis for the claim being pressed.

608 N.E.2d 702, 706 (Ind. Ct. App. 1993) (citation omitted), *trans. denied*. In this case, however, it is undisputed that the Agreement was in fact the basis for both of Van Petten's claims. In other words, it is undisputed that the substance of the action is a breach of contract, and therefore the substance of the contract controls.

Consequently, we agree with Van Petten and the trial court that Indiana Code Section 34-11-2-11 applies because the Agreement concerns more than just the payment of money. The Agreement is not a promissory note or a bill of exchange, two contracts for the payment of money specifically mentioned in Section 34-11-2-9. The ninth edition of Black's Law Dictionary defines promissory note as "[a] written promise by one party … to pay money to another party … or to bearer" and bill of exchange as "[a]n unconditional written order signed by one person … directing another person … to pay a certain sum of money on demand or at a definite time to a third person … or to bearer. A check is the most common example of a draft." These contracts are strictly agreements to pay money to another party;

7

they are not agreements to pay money in exchange for something else, such as goods, services, real property, or stock shares such as those at issue here.[1]

Moreover, the Agreement contains release, indemnification, and nondisparagement clauses, as well as provisions relating to the disposal of the Shelbyville property. It stands to reason that Van Petten's claim for the conveyance of the deed, which was based on the Agreement and has nothing to do with the payment of money, must be subject to the same statute of limitations as her claim for $175,000. The fact that the parties settled the claim regarding the deed after the lawsuit was filed is inconsequential.[2]

---

[1] The statute of limitations for a written contract for the payment of money has also been held to apply "to suits on an appeal bond conditioned on the payment of a money judgment, checks, municipal bonds, township warrants, and extensions of credit." 18 INDIANA LAW ENCYCLOPEDIA *Limitation of Actions* § 26 (citing *Taylor v. Smith*, 22 Ind. App. 418, 53 N.E. 1048 (1899); *Williams v. Lowe*, 62 Ind. App. 357, 113 N.E. 471 (1916); *City of Hammond v. Welsh*, 224 Ind. 349, 67 N.E.2d 390 (1946); *Keilman v. City of Hammond*, 124 Ind. App. 392, 114 N.E.2d 813 (1953); *Timberlake v. J.R. Watkins Co.*, 138 Ind. App. 554, 209 N.E.2d 909 (1965)). "It does not apply to an action brought for breach of an employment contract as the action is not one on a written contract for the payment of money." *Id.* (citing *Marter v. City of Vincennes*, 118 Ind. App. 586, 82 N.E.2d 410 (1948)).

[2] The dissent criticizes us for "focus[ing] on 'Van Patten's claim for the conveyance of the deed' to reject the six-year statute of limitation" and asserts that "[a] strict reading of the Agreement reveals that the conveyance of the deed is not an alleged harm, but rather a contractually prescribed remedy in the event Folkening failed to '*pay off* and satisfy the entire balance of the mortgage[.]' (Appellants' App. p. 42) (emphasis added)." Slip op. at 11 (Riley, J., dissenting). The fact remains that Van Petten was harmed by Appellants' failure to either satisfy the mortgage or convey the deed as promised by the Agreement, and therefore she was entitled to seek specific performance, i.e., conveyance of the deed, for Appellants' breach of contract.

8

Based on the foregoing, we affirm the trial court's conclusion that the ten-year limitation period of Indiana Code Section 34-11-2-11 applies and therefore affirm its judgment in favor of Van Petten.

Affirmed.

MATHIAS, J., concurs.

RILEY, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

CHAD FOLKENING, DSL.COM, INC., and )
eCORP, INC. d/b/a eCORP.COM, INC., )
  )
   Appellants-Defendants, )
  )
        vs. )    No. 49A02-1403-PL-181
  )
MEGAN VAN PETTEN n/k/a )
MEGAN VAN PETTEN WALTON, )

**RILEY, Judge, dissenting**

I respectfully disagree with the majority's reasoning to affirm the trial court's "conclusion that the ten-year limitation period of Indiana Code [s]ection 34-11-2-11 applies" rather than the six-year statute of limitation of I.C. § 34-11-2-9, which is imposed on written contracts for the payment of money. Slip Op. p. 8.

Statutes of limitation seek to provide security against stale claims, which in turn promotes judicial efficiency and advances the peace and welfare of society. *Imbody v. Fifth Third Bank*, 12 N.E.3d 943, 945 (Ind. Ct. App. 2014). When determining the applicable statute of limitation, this court looks to the substance of the cause of action rather than the form in which it was pleaded. *Klineman, Rose & Wolf, P.C. v. North Am. Lab. Co.*, 656

10

N.E.2d 1206, 1207 (Ind. Ct. App. 1995), *trans. denied*. The substance is ascertained through inquiry into the nature of the alleged harm and not by reference to the theories of recovery contained in the complaint. *Whitehouse v. Quinn*, 477 N.E.2d 270, 274 (Ind. 1985).

The alleged source of Van Petten's damages is Folkening's breach of the Agreement, in which Folkening agreed to pay $175.000.00 in exchange for Van Petten's ten percent ownership in DSL.com. Although the origin of the Agreement is derived from a 2002 real estate purchase during which Folkening transferred the ownership to Van Petten, this real estate agreement forms neither the current basis of Van Petten's action nor is it incorporated therein. I find that beyond the payment of money, Van Petten does not allege that any other obligation or duty was owed to her.

In order to lift the Agreement outside the realm of I.C. § 34-11-2-9 and into the purview of the ten-year statute of limitation, the majority, focuses on the inclusion into the Agreement of, among other things, a termination of employment clause, a release of liability and hold harmless clause, and a non-disparagement of the parties. However, not only did Van Petten's testimony reveal that she had already ceased performing any services for Appellants prior to BuyTelco expressing an interest in purchasing DSL.com, Van Petten's consulting contract itself was not the foundation of the lawsuit. Furthermore, the release of liability and hold harmless clause, as well as the non-disparagement language, are standard clauses included in most business transactions and do not convey any special characteristics of "substance" to the Agreement. *See Klineman, Rose & Wolf, P.C.*, 656 N.E.2d at 1207.

11

Additionally, the majority focuses on "Van Petten's claim for the conveyance of the deed" to reject the six-year statute of limitation. Slip Op. p. 8. A strict reading of the Agreement reveals that the conveyance of the deed is not an alleged harm, but rather a contractually prescribed remedy in the event Folkening failed to "*pay off* and satisfy the entire balance of the mortgage[.]" (Appellants' App. p. 42) (emphasis added). Therefore, I conclude that Van Petten's claim is based solely and entirely on Folkening's breach of his obligations to pay money.

The payment of money became due on August 4, 2004, at which date the cause of action accrued. Because Van Petten did not file her Complaint until October 15, 2010, more than six years after the accrual of the cause of action, I conclude that Van Petten's action is time-barred pursuant to I.C. § 34-11-2-9, which is applicable to written contracts for the payment of money. I would reverse the trial court's judgment as it erroneously characterized the Agreement falling within the purview of I.C. § 34-11-2-11.