## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 30 2017, 10:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

James F. Glass
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

J. Michael Cavosie
E. Roy Rodabaugh
Easter & Cavosie
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James F. Glass,

*Appellant-Respondent,*

v.

Gilliatte General Contractors, Inc.,

*Appellee-Petitioner.*

January 30, 2017

Court of Appeals Case No.
49A02-1607-MI-1642

Appeal from the Marion Superior Court.
The Honorable Timothy W. Oakes, Judge.
The Honorable Caryl Dill, Magistrate.
Cause No. 49D02-1603-MI-9612

**Darden, Senior Judge**

## Statement of the Case

[1]     James F. Glass appeals the trial court's grant of Gilliatte General Contractors, Inc.'s Petition for Confirmation of Arbitration Award and denial of Glass's motion to correct error. We affirm.

## Issues

Glass raises three issues, which we restate as:

    I.     Whether the trial court's judgment in favor of Gilliatte is defective.

    II.    Whether the trial court's order denying Glass's motion to correct error is defective.

    III.   Whether the trial court erred by rejecting Glass's claim of fraudulent concealment.

## Facts and Procedural History

Gilliatte, a general contractor, and Glass, a subcontractor, apparently executed a written contract for a painting job.[1] Glass agreed to paint the interior and exterior of the Indiana Soybean Experience Building at the Indiana State Fairgrounds. The contract included a provision to submit disputes to arbitration. The parties had several disputes as the work progressed, eventually ending Glass's participation in the project. Gilliatte hired another subcontractor to complete the painting project, incurring additional expenses.

Pursuant to the written contract, Glass requested arbitration, claiming Gilliatte breached the contract and unfairly terminated him. Gilliatte counterclaimed, requesting recoupment of costs incurred in hiring a replacement subcontractor. Jerome O. Pitt was selected to serve as arbitrator and held an evidentiary hearing. On September 25, 2015, the arbitrator found in favor of Gilliatte and

---

[1] Both parties refer to a written contract with a binding arbitration clause, but neither party has provided the Court with the contract.

directed Glass to pay Gilliatte $24,868.10, which included attorney's fees of $9,797.73. Glass filed a motion to reconsider. Arbitrator Pitt denied Glass's request for reconsideration.

[5] On March 17, 2016, Gilliatte began this case by filing with the trial court a Petition for Confirmation of Arbitration Award. Glass filed a response, alleging the arbitration award was invalid because it was obtained through fraudulent concealment. Gilliatte filed a reply to the response. Next, Glass filed a surreply, and Gilliatte filed a reply to the surreply.

[6] In an order dated May 4, 2016, the trial court granted Gilliatte's Petition for Confirmation of Arbitration Award, confirming the final judgment in favor of Gilliatte in the amount of $24,868.10. The order was initially approved and signed by Magistrate Caryl Dill and subsequently reviewed, approved, and signed by Judge Tim Oakes, the presiding judge of the trial court. Judge Oakes's signature was in the form of a rubber stamp.

[7] Glass filed a motion to correct error, and Gilliatte filed a response. On June 28, 2016, the court denied the motion to correct error. This appeal followed.

## Discussion and Decision

### I. Validity of Judgment

[8] Glass claims the trial court's decision granting Gilliatte's Petition for Confirmation of Arbitration Award is fundamentally defective because he claims Judge Oakes's rubber-stamped signature is an inadequate substitute for a

handwritten signature.  Gilliatte responds that the judge properly executed the document.

[9] Indiana Trial Rule 58(B)(5) states a judgment shall contain "the date of the judgment and the signature of the judge."  The definition of a signature "includes, without limitation, an electronic representation of a handwritten signature."  Ind. Trial Rule 83(7).  An electronic signature is, in essence, a form of a stamp, so it is reasonable to conclude a hand-stamped signature is also sufficient.  In any event, "the sufficiency of a judgment 'is to be tested by its substance rather than its form.'"  *Henderson v. Sneath Oil Co., Inc.*, 638 N.E.2d 798, 803 (Ind. Ct. App. 1994) (quoting 46 Am. Jur. 2nd Judgments § 64 (1969)).  Glass fails to argue that the presiding judge did not authorize the use of the rubber stamp to signify his approval of the final judgment, much less demonstrate that he was prejudiced by the stamped signature.  His claim must fail.

## II.  Motion to Correct Error

[10] Glass next asserts the trial court's denial of his motion to correct error is erroneous because it was signed by Magistrate Dill, whom he claims was not authorized by statute to issue the decision alone.  Gilliatte argues Glass has waived this claim.  We agree with Gilliatte.

[11] In *City of Indianapolis v. Hicks*, 932 N.E.2d 227 (Ind. Ct. App. 2010), *trans. denied*, a magistrate signed an order granting a motion to correct error.  The party that opposed the order waited ninety-nine days before asking that the

order be vacated because it was not signed by the presiding judge of the court. A panel of this Court noted that defects in the authority of court officers are waived if not raised through a timely objection. *Id.* at 231. Any objection to the authority of a court officer must be raised at the first instance the irregularity occurs or at least within such time as the tribunal is able to remedy the defect. *Id.*

[12] In the current case, Glass is challenging Magistrate Dill's signing of the order for the first time on appeal, well over one hundred days later. He contends he could not have presented a challenge earlier because he did not have access to the Clerk's Record. We reject this contention because Magistrate Dill's signing of the denial of the motion to correct error is displayed on the trial court clerk's Chronological Case Summary. In addition, there is no evidence that the trial court clerk refused to allow Glass access to its records. We conclude Glass has waived his challenge to Magistrate Dill's signing of the order denying his motion to correct error. *See id.* (party waived a challenge to the magistrate's authority by failing to promptly bring the matter to the court's attention).

## III. Waiver of Right to Challenge Award

[13] Before we address Glass's challenge to the trial court's affirmance of the arbitration award, Gilliatte argues that Glass waived his claim of constructive fraud. Addressing Gilliatte's argument will require us to consider the statutes that govern judicial review of arbitration awards. When considering statutes, we first look to the plain language of the statutes and, if unambiguous, give effect to their plain meaning. *Folkening v. Van Petten*, 22 N.E.3d 818, 821 (Ind.

Ct. App. 2014), *trans. denied*. Statutes relating to the same general subject matter should be construed together to produce a harmonious statutory scheme. *Id.* at 821-22.

[14]   Gilliatte points to Indiana Code section § 34-57-2-13 (1998), which provides in relevant part: "Upon application of a party, the court shall vacate an award where . . . the award was procured by corruption or fraud." The statute further provides, "an application under this section shall be made within ninety (90) days after the mailing of a copy of the award to the applicant, except that, if predicated upon corruption or fraud or other undue means, it shall be made within ninety (90) days after such grounds are known or should have been known." *Id.* Gilliatte argues that Glass did not present his claim of constructive fraud to the trial court within ninety days, so the claim is waived as untimely.

[15]   Gilliatte is correct that Glass did not petition the trial court to have the award invalidated. Nevertheless, Gilliatte filed its own petition to confirm the arbitration award, as permitted by statute. *See* Ind. Code § 34-57-1-13 (1998). In such a circumstance, the responding party may raise certain defenses, as follows:

> In all cases where an award is presented to any court of record for a judgment to be entered upon the award, whether the reference was made by submission of parties, or by rule of court, the adverse party may show cause against the rendition of the judgment on any of the following grounds:

(1) The award or umpirage was obtained by fraud, corruption, partiality, or other undue means, or the arbitrator showed evidence of partiality or corruption.

(2) The arbitrator was guilty of misconduct in:

(A) refusing to postpone the hearing upon sufficient cause shown;

(B) refusing to hear evidence material and pertinent to the controversy; or

(C) any other misbehavior by which the rights of any party were prejudiced.

(3) The arbitrator exceeded the arbitrator's powers, or so imperfectly executed them that a mutual, final, and definite award on the subject-matter submitted was not made.

Ind. Code § 34-57-1-17 (1998).

[16] The plain language of these statutes, read together, indicates that when one party files a request to confirm an arbitration award, the other party may assert fraud, even if the other party did not file a separate petition to challenge the award. If we read the statutes to bar Glass's fraud claim unless he filed a separate petition, then the defenses of Indiana Code section 34-57-1-17 are effectively nullified. We reject Gilliatte's claim of waiver and turn to the merits of Glass's fraud claim.

## IV. Fraudulent Concealment

[17] If a party files a petition to enforce an arbitration award and proves the existence of an arbitration agreement, the award, and service of the award on the other party, the court may confirm the award and render judgment on it. Ind. Code §§ 34-57-1-14, -15 (1998). As noted above, a party opposing the

confirmation and enforcement of the arbitration award may raise a number of defenses, including fraud. Ind. Code § 34-57-1-17. An order resolving a request to confirm an arbitration award is subject to appeal. Ind. Code § 34-57-2-19 (1998).

[18] Judicial review of arbitration awards is narrow in scope. *Bopp v. Brames*, 677 N.E.2d 629, 631 (Ind. Ct. App. 1997). We set aside an award only when one of the grounds specified by statute for vacation of an award is demonstrated. *Id.* A party who seeks to vacate an arbitration award bears the burden of proving the grounds to set aside. *Id.* Once a factual question is determined in arbitration, it is finally adjudicated and cannot be relitigated. *Id.* at 634.

[19] Glass argues the arbitration award was procured by fraudulent concealment because he presented evidence that he did not walk off the job but was instead unfairly terminated by Gilliatte, who had already lined up a replacement painter. Glass further argues the arbitrator hid this evidence. However, Glass fails to mention or address in his brief that Gilliatte submitted to the arbitrator evidence to the contrary to counter Glass's position.

[20] In essence, Glass's argument is not a claim of fraud but rather a request for the trial court and this Court to reweigh the evidence. In the award, the arbitrator addressed Glass's evidence relating to the replacement painter, concluding: "Prior to April 15, 2013, the only work performed by the supplemental painter was interior work that [Glass] believed was outside his scope of work. Therefore, it is questionable whether [Gilliatte] even supplemented Claimant

prior to April 15, 2013." Appellant's App. p. 9. Thus, the arbitrator did not conceal Glass's evidence, but considered it along with other evidence and ruled against Glass. Glass was entitled "to a fair proceeding, not a favorable result." *Bopp*, 677 N.E.2d at 634. The trial court did not err by rejecting Glass's allegation of fraud.

## V. Appellate Attorney's Fees

Gilliatte requests an award of appellate attorney's fees, claiming that Glass's appeal is wholly frivolous. Pursuant to Indiana Appellate Rule 66(E), we may assess damages if an appeal is frivolous or was pursued in bad faith. We use extreme restraint when exercising our discretionary power to award damages on appeal because of the potential chilling effect on the exercise of the right to appeal. *Harness v. Schmitt*, 924 N.E.2d 162, 168 (Ind. Ct. App. 2010). The sanction is not imposed to punish mere lack of merit, but something more egregious. *Id.*

Glass did not prevail as to any of his claims, but we conclude that his appeal does not meet the high standards of being frivolous or pursued in bad faith. We reject Gilliatte's request for attorney's fees.

## Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

Bradford, J., and Altice, J., concur.