

I N  T H E

# Court of Appeals of Indiana

Jeffrey Haskins,

*Appellant-Plaintiff*

FILED

Apr 20 2026, 8:45 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

Financial Builders Federal Credit Union,

*Appellee-Defendant*

April 20, 2026

Court of Appeals Case No.
25A-PL-1810

Appeal from the Howard Superior Court

The Honorable Ryan D. Washburn, Judge Pro Tempore

Trial Court Cause No.
34D02-2412-PL-4336

**Opinion by Judge Scheele**
Judges Brown and Felix concur.

**Scheele, Judge.**

## Case Summary

Jeffrey Haskins appeals the trial court's grant of Financial Builders Federal Credit Union's Indiana Trial Rule 12(B)(6) motion to dismiss. Haskins raises one issue for our review, which we restate as whether the trial court erred in dismissing his overdraft-fees claim as time-barred under Indiana Code section 34-11-2-9(c). We affirm.

## Facts and Procedural History

Haskins was a member of Financial Builders Federal Credit Union (Financial Builders) where he held a checking account pursuant to a "Membership and Account Agreement[.]" App. Vol. II p. 142. On December 30, 2024, Haskins filed a class action complaint against Financial Builders. On March 7, 2025, Haskins amended his complaint asserting, in relevant part, a breach of contract claim based on Financial Builders' assessment of overdraft fees. Specifically, Haskins challenged overdraft fees charged to his account on three dates—February 2, 2022, August 8, 2022, and September 1, 2022—alleging they were assessed while his account held sufficient funds to cover his transactions. *Id.* at 36.

Financial Builders filed a motion to dismiss pursuant to Indiana Trial Rule 12(B)(6) on March 27, 2025, alleging Haskins' claim was time-barred under Indiana Code section 34-11-2-9(c)'s two-year limitations period. On June 26,

the trial court granted Financial Builders' motion and dismissed Haskins' claim.[1] Haskins now appeals.

## Discussion and Decision

[4] We review a ruling on a Trial Rule 12(B)(6) motion de novo. *City of Fishers v. Netflix, Inc.*, 264 N.E.3d 69, 77 (Ind. Ct. App. 2025), *trans. denied*. "A motion to dismiss under Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." *Id.* (quoting *Safeco Ins. Co. of Ind. v. Blue Sky Innovation Grp., Inc.*, 230 N.E.3d 898, 901 (Ind. 2024), *reh'g. denied*). "An order to dismiss is affirmed when it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances." *Id.* (internal quotations and citation omitted). Here, it is undisputed that Haskins held a checking account with Financial Builders and the overdraft fees were charged more than two years prior to the date Haskins filed his complaint.

[5] However, Haskins contends he contracted with Financial Builders "to provide the service of paying for transactions in circumstances where his account did not contain sufficient funds to cover a transaction, and the overdraft fee that

---

[1] Haskins brought a second breach of contract claim based on Financial Builders' assessment of a non-sufficient funds fee on each of a merchant's representments of the same item for payment and alleged unjust enrichment and violation of the Indiana Deceptive Consumer Sales Act based on Financial Builders' practices. The trial court also dismissed Haskins' second claim pursuant to Financial Builders' Rule 12(B)(6) motion, and Haskins does not challenge that dismissal on appeal.

gave rise to Haskins' claim originated from such services rather than a transaction 'strictly' concerned with the payment of money." Appellant's Br. p. 13. Haskins essentially asserts the Agreement governing his deposit account is a contract for payment of money in some circumstances and for services in others. Because Haskins contends his overdraft-fees claim is based on a service under his written contract, he argues Indiana Code section 34-11-2-11's ten-year limitations period should apply. We disagree.

[6] This issue raises a matter of statutory interpretation, which is a pure question of law that we review de novo. *Folkening v. Van Petten*, 22 N.E.3d 818, 821 (Ind. Ct. App. 2014), *trans. denied.*

> We first look to the plain language of the statutes and, if unambiguous, give effect to their plain meaning. We examine the statutes as a whole and avoid excessive reliance on a strict literal meaning or the selective reading of words. The legislature is presumed to have intended the language used in the statute to be applied logically and not to bring about an absurd or unjust result. Thus, we must keep in mind the objective and purpose of the law as well as the effect and repercussions of such a construction.

*Id.* at 821-22 (internal quotations and citations omitted). Further, "we may not add new words to a statute which are not the expressed intent of the legislature." *McNeil v. Anonymous Hosp.*, 219 N.E.3d 789, 796 (Ind. Ct. App. 2023), *trans. denied*. And "[s]tatutory provisions cannot be read standing alone; instead, they must be construed in light of the entire act of which they are a part." *Id.*

[7]     Indiana Code section 34-11-2-9(c), as amended on July 1, 2024, provides:

> (c) An action upon a deposit account must be commenced not later than two (2) years after the cause of action accrues, regardless of whether the action is brought by:
>
> (1) a depositor (as defined in IC 28-9-2-4); or
>
> (2) a depository financial institution (as defined in IC 28-9-2-6).[2]

"Deposit account" is defined as "an account made by a depositor, either individually or jointly with another person, with a depository financial institution" and expressly includes checking accounts. Ind. Code § 28-9-2-5 (1989).

[8]     The Merriam-Webster Dictionary defines "upon" as "on the surface," "on it," "thereafter," or "thereon[.]" Merriam-Webster, UPON Definition & Meaning - Merriam-Webster [https://perma.cc/HPT2-57MT] (last visited April 9, 2026). "Thereon" is defined as "on that" and is synonymous with "thereupon," which means "on that matter." Merriam-Webster, THEREON Definition & Meaning - Merriam-Webster [https://perma.cc/TT28-G3YM] (last visited April 9, 2026); Merriam-Webster, THEREUPON Definition & Meaning - Merriam-Webster [https://perma.cc/KD4M-6R5K] (last visited April 9, 2026). Thus, it is clear that "an action upon" refers to any cause of action taken

---

[2] This section formerly provided "[a]n action upon promissory notes, bills of exchange, deposit accounts, or other written contracts for the payment of money . . . must be commenced within six (6) years after the cause of action accrues." Ind. Code § 34-11-2-9(b) (2021).

on/thereupon/or on the matter of the deposit account. Ind. Code § 34-11-2-9(c) (2024).

[9] In addition, the plain language of this section does not carve out causes of action arising from certain types of transactions on a deposit account; indeed, the statute makes no distinction between debits, credits, or fees charged to the account. Haskins argues that "actions upon a deposit account" are limited to "circumstances where a bank is required to return a customer's deposit on demand, actions to quiet title to an account, actions to freeze an account, or actions to transfer ownership of an account and does not subsume the service aspects of a bank's contract with a depositor." Appellant's Br. p 15. But we may not add language to the statute to limit its application to only these causes of action. *McNeil*, 219 N.E.3d at 796. Haskins' argument that certain charges against the account should be treated differently than others would lead to the sort of illogical result that our standard of review avoids. *See Folkening*, 22 N.E.3d at 821.

[10] Haskins further relies on *Folkening* for the proposition that Indiana Code section 34-11-2-9 applies strictly to written contracts for the payment of money and actions on contracts for services are governed by Indiana Code section 34-11-2-11. But *Folkening* is inapposite. That case involved a settlement agreement requiring payment of money and completion of other actions regarding disposal of a property. We noted that the settlement agreement was "not a promissory note or a bill of exchange," *Folkening*, 22 N.E.3d at 822, which were the two specifically enumerated types of contracts for the payment of money mentioned

in section 34–11–2–9 when that case was decided in 2014. If the contract in *Folkening* had been strictly one of those enumerated contracts, it would have been subject to section 34-11-2-9. Here, the contract in question is indisputably a deposit account, which the legislature has since added to the limitations period under section 34-11-2-9(c).

[11] We also note that, under the doctrine of *expressio unius est exclusio alterius*, "[w]hen certain items or words are specified or enumerated in a statute then, by implication, other items or words not so specified or enumerated are excluded." *A.A. v. Eskenazi Health/Midtown CMHC*, 97 N.E.3d 606, 614 (Ind. 2018). The legislature specifically enumerated a two-year statute of limitations on actions on a deposit account. Invocation of the ten-year statute of limitations for certain actions on a deposit account is not so specified and, by implication, is excluded. Moreover, given that "deposit account" is specified under section 34-11-2-9, its absence from section 34-11-2-11 implies its exclusion there. *See also McNeil*, 219 N.E.3d 796 (statutory provisions must be construed in light of the entire act).

[12] The gravamen of Haskins' complaint is a dispute regarding overdraft fees charged to his account. If a party disputes the credits, debits, or fees on that account, then the action is a dispute over the accounting itself. Thus, a challenge to the fee—whether that fee stems from the bank's services to the depositor or from the depositor's credit to the account—is still a cause of action upon the deposit account. In other words, without the existence of Haskins' deposit account, there would be no cause of action. Because Haskins' action upon the account concerns overdraft fees charged more than two years prior to

the date he filed his cause of action, his claim is time-barred. We thus affirm the trial court's dismissal of Haskins' action under Trial Rule 12(B)(6).

Affirmed.

Brown, J., and Felix, J., concur.

ATTORNEYS FOR APPELLANT

Lynn A. Toops
Gabriel A. Hawkins
Lisa M. LaFornara
Cohen & Malad, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Finis Tatum IV
Janet L. Thompson
Gordon Rees Scully Mansukhani LLP
Indianapolis, Indiana

ATTORNEYS AMICI CURIAE
INDIANA BANKERS ASSOCIATION AND INDIANA CREDIT UNION LEAGUE

Libby Y. Goodknight
Brett J. Ashton
Krieg DeVault LLP
Indianapolis, Indiana